## GRIFFIN *v*. SMITH, ADMINISTRATOR.

PRACTICE.—*Refusal to Strike Out.*—A refusal to strike out a pleading can not be an available error.

WITNESS.—*Widow.*—The widow of a testator is a competent witness to testify to conversations and statements made by her husband to others, in her pres-

ence, relating to transactions between her husband and such others; but she is not a competent witness to testify as to statements made to herself by her husband.

From the Rush Circuit Court.

*L. Sexton,* for appellant.

*B. L. Smith* and *F. J. Hall,* for appellee.

OSBORN, J.—This was an action by the appellee, as administrator with the will annexed of the estate of Charles Griffin, deceased, against the appellant. The complaint contained three paragraphs. A motion was made to strike out the third, on the ground that it was identical with the first. The motion was overruled, and the appellant excepted. An answer was filed and issues of fact formed, which were tried by the court, who found for the appellee and assessed his damages at one thousand six hundred dollars, and, over a motion for a new trial, judgment was rendered on the finding, and for costs against the appellant.

Two questions are presented by the record. 1st. Did the court err in refusing to strike out the third paragraph of the complaint. It has been frequently held by this court that the refusal to strike out a pleading is not an available error. It might be a ground for a motion to tax the costs of copying the pleading into the transcript or record.

The next question relates to the question of the competency of a witness offered by the appellant.

Under the issues, it was material for the appellant to show payment to the testator, and to sustain the issue on his part he offered Mary Griffin, widow of the testator, as a witness, and offered to prove by her that she was present at the settlement testified to by another witness, who had testified in behalf of the appellee, between her husband, the testator, and the appellant; that the settlement related only to the rents of testator's farm by appellant, and did not include payments in money, checks, and cash paid the testator by appellant; that after the alleged settlement, the testator and appellant had another settlement and accounting, in which the appellant paid the testator in cash, notes, and checks for cash, an

amount larger than the balance found against him in the settlement testified to by the other witness, in the sum of one hundred and eighty-one dollars; and that at the time of the last settlement, the testator agreed with the appellant to give him credit for the one hundred and eighty-one dollars, so found due to him on a note the testator then held against him, and that subsequently the testator did give such credit, and that the appellant afterward paid and satisfied the note, and that at the time of the death of the testator, the appellant was not indebted to him on account of the rent, and that she had heard him so declare. The appellee objected to her testifying, on the ground that she was the widow of the testator, and the facts offered to be proved by her came to her knowledge while the relation of husband and wife existed between them. The court sustained the objection and refused to permit her to testify. An exception was taken, and the question saved by a bill of exceptions.

The testimony was material to the issues and admissible, unless she was incompetent for the reason given in the objection to her testifying.

This identical question was decided in the case of *Mercer v. Patterson*, 41 Ind. 440. It was decided that after the termination of the marriage relation, either party could testify to communications and statements made to others in the presence and hearing of the other, but not to communications to each other. The reason of the rule allowing the testimony as to statements to others extends to transactions with others.

The court erred in refusing to allow the witness to testify. The testimony offered was all admissible except that relating to his declaration that the appellant was not indebted to him on account of the rent. If that declaration was made to her during coverture, it was not admissible. If to somebody else in her hearing, it was.

The judgment is reversed, with costs; cause remanded, with instructions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.