## ANN FAY *vs.* MARY GUYNON.

Bristol. Oct. 29, 1879. — April 11, 1881. COLT & FIELD, JJ., absent.

A conversation between a husband and wife in the presence of a third person who hears part of it is not a private conversation within the St. of 1870, *c.* 393, § 1, *cl.* 1.

In an action for breach of a contract to furnish a home and support to a person "when he is sober and well-behaved," evidence that he was drunk and violent at different times before the breach alleged is not admissible in defence.

When an action is brought in the name of one person for the benefit of another, testimony of the nominal plaintiff that the action was brought without his authority and against his will or consent, and that he did not want it prosecuted, will not entitle the defendant to a verdict.

In an action for breach of a contract to furnish a home and support to a person "when he is sober and well-behaved," the damages are to be assessed to the date of the writ only.

CONTRACT, brought for the benefit of Michael Guynon, for breach of an agreement contained in a deed of land. Writ dated February 17, 1879. By the deed, a copy of which was annexed to the declaration, the plaintiff, in consideration of one dollar, paid by Mary Guynon, wife of Michael Guynon, "and for the further consideration that the said Mary Guynon hereby agrees to furnish a home and support to her said husband when he is sober and well-behaved, not otherwise," quitclaimed to the defendant a parcel of land in Fall River. The answer denied that the plaintiff knew of, or authorized, the bringing of the action; averred that the defendant was not obliged to support and furnish a home to her husband, except upon the consideration that he should keep sober; and alleged that while he was so supplied with a home and support he repeatedly became drunk, and was convicted of the same and sent to the house of correction.

Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, which, after stating that the pleadings were a part thereof, proceeded in substance as follows :

Michael Guynon, the husband of the defendant, was called as a witness, and testified that he had a conversation with his wife, on or about November 12, 1878, about coming home; that his wife's sister was present, and might or might not have heard. On further examination the witness said he could not say that

the sister was so that she heard the conversation. The defendant objected, that the conversation was not admissible, on the ground that it was a private conversation between husband and wife; but the judge overruled the objection and permitted the witness to testify to the conversation. The sister afterwards testified that she was present a part of the time, and heard a part of the conversation between Guynon and his wife about coming home.

The plaintiff did not contend that there had been any breach of the agreement prior to November 12, 1878; and stated that no claim was made for any damages prior to that date. The defendant offered to prove that since the delivery of the deed, January 21, 1875, and before November 12, 1878, Michael Guynon had been repeatedly drunk and convicted of drunkenness, and sentenced for the same, and had promised to behave well and keep sober, under which promise he was supported; but, instead of keeping his promise he constantly violated the same, and had also become drunk and intoxicated, and used violence against her, in consequence of which she was entitled to show his previous misconduct, upon the principle of condonation, he having since the bringing of the present action made himself drunk and assaulted her. It appeared from the evidence that Michael Guynon had come from the house of correction a few days before November 12, 1878. The judge declined to admit testimony as to the conduct of the husband prior to November 12, 1878, but allowed the introduction of evidence as to his conduct since that date.

Ann Fay, the nominal plaintiff, testified on behalf of the defendant that the action was brought without any authority from her and against her will or consent, and that she did not wish it prosecuted. The defendant requested the judge to rule, that the action, having been commenced without the knowledge or consent of the plaintiff, Ann Fay, and against her will, could not be maintained; that when Michael Guynon came to the defendant, on November 12, 1878, from the house of correction, she was justified in refusing him support; and that the damages could not be estimated in any event beyond the date of the writ.

The judge declined so to rule, but instructed the jury that Michael Guynon could bring the suit in the name of Fay

without her consent; that, if Michael Guynon was sober and well-behaved when he came to the defendant, on November 12, 1878, it made no difference whether he came from the house of correction or not; and that, if the jury found for the plaintiff, the damages should be assessed to the date of the verdict.

The jury returned a verdict for the plaintiff in the sum of $176.75; and the defendant alleged exceptions.

*L. Lapham*, for the defendant.

*J. M. Morton, Jr.*, for the plaintiff.

LORD, J. It is not contended in this case that, at the time of the commencement of the action, there was not a subsisting contract between the parties which the plaintiff might lawfully enforce by suit. The contract was, indeed, for the benefit of a third person; but no objection is made that the suit is not properly brought in the name of the plaintiff, for the benefit of the party in interest. Four objections have been made in relation to the conduct of the suit, and have been argued before us; and these are the only questions upon which it is our duty to pass.

The first objection relates to the admission of evidence of a conversation between the defendant and her husband, upon the ground that private conversations between husband and wife are not admissible in evidence. Nothing is given showing the character of the conversation, but it does appear that a third person was present while the conversation was going on, and heard part of it. But whether she heard the entire conversation, or only portions of it, is not important, because the conversation under such circumstances is not within the prohibition of the St. of 1870, *c.* 393, § 1, *cl.* 1.

The next objection of the defendant is that the judge should have instructed the jury that if, after the contract was entered into, Michael Guynon had become drunk, and had been convicted of drunkenness, and had been ill-behaved, and had assaulted the defendant, the plaintiff could not maintain her action. It will be perceived that, by the terms of the contract declared on, about which there was no controversy, such contingencies were in the contemplation of the parties when the contract was entered into. It was only when he was sober and well-behaved that the defendant undertook to provide for his support. The claim of the plaintiff was, that from November 12, 1878, the

time when the first breach of the contract was alleged, Michael Guynon had been sober and well-behaved, and had brought himself in all respects within the conditions of the agreement. The presiding judge permitted the defendant to offer evidence of the habits and conduct of Guynon after, but not prior to, November 12, and at any time when it was claimed that the defendant was bound to furnish him with support. This was precisely in accordance with the agreement of the parties. The contract of the defendant was not to support him upon condition that he at no time thereafter became drunk or was ill-behaved, but it was that she would support him when sober and well-behaved; and the question to be passed upon by the jury was whether, during the time when she refused such support, he was sober and well-behaved. The evidence rejected was not, and the evidence ad‑ mitted was, pertinent to that issue, and there was no error.

The next objection of the defendant is this: The defendant called the plaintiff as a witness, who testified that the action was brought without any authority from her, and agai:.st her will or consent, and that she did not wish it prosecuted. Upon what precise issue this evidence at that stage of the case was received or tendered it is not easy to perceive. The plaintiff did not assume to release, or to attempt to release, the defendant from the cause of action. We are therefore not called upon to decide whether it was competent for her to release the cause of action, and if it were, what consequences would flow from such a release. Nor did she ask to be indemnified against the costs of the proceeding; nor are we called upon to decide whether she was entitled to such indemnity, nor as to the mode by which her rights in that respect should be secured to her.

As the bill of exceptions stands, it is the common case of a party entitled to the beneficial results of a suit which at law must be prosecuted in the name of a third party. Upon the testimony of the plaintiff thus offered in defence of the action, it would have been error in the presiding judge to instruct the jury that that evidence, if true, would entitle the defendant to a verdict.

The remaining question is a graver one. The defendant con tended that in no event could damages be assessed by the jury beyond the date of the writ; but the presiding judge directed

the jury to assess all the damages which the plaintiff sustained up to the time of their verdict.

The question up to what time damages shall be assessed is not always free from difficulty. The rule is a plain rule; whether in a particular case the facts bring it within the rule is not always clear. The rule is this: If the damages subsequent to the date of the writ are merely incidental to the cause of action declared on, such damages are to be assessed if they are sustained up to the time of the verdict, and even in some cases indefinitely beyond; but if the damages sustained after the date of the writ are such as are not merely incidental to and growing out of the cause of action, but may be the damages arising from a new breach or a new cause of action, they cannot be so assessed. A familiar illustration of the first proposition in suits sounding in contract is the subject of interest, whether as damages or as contract. In either case, interest is merely incident to the cause of action, and no suit can be subsequently maintained for it as an independent cause of action. An equally familiar illustration in suits for tort is the damages sustained, for example, by a broken limb; all the damages sustained or to be sustained through an indefinite future arise out of the same cause of action, and are all to be assessed at once, because there can be no other cause of action for injuries subsequently sustained by reason of the same cause of action.

There is, however, another class of cases, to which these rules do not apply. They are cases of continuing contracts, in which there may be successive breaches out of which successive causes of action arise. An illustration of this class of cases, much more common formerly than now, is the contract of apprenticeship, by which the parent or guardian contracts that the apprentice shall serve the master during his minority, which contract is susceptible of successive breaches, for which successive causes of action accrue; and so the contract of the master with the parent or guardian that he will instruct the apprentice and furnish him with necessaries during minority, is susceptible of successive breaches from which successive causes of action arise. In all such cases, the invariable rule is to assess only such damages as are sustained previously to the date of the writ, leaving all subsequent damages to be recovered by subsequent suits.

*Powers* v. *Ware*, 4 Pick. 106. *Hambleton* v. *Veere*, 2 Saund. 169, and note. See also, in reference to the various illustrations and applications of the rule, *Horn* v. *Chandler*, 1 Mod. 271; *Ward* v. *Rich*, 1 Ventr. 103. For the difference between the ancient rule of law in relation to the action of debt upon contracts under seal for the payment of money by instalments, and the modern rule in actions of assumpsit, see the opinion of Mr. Justice Wilde in *Badger* v. *Titcomb*, 15 Pick. 409.

Perhaps the most peculiar application of this doctrine is found in the cases of *Warner* v. *Bacon*, 8 Gray, 397. These were two actions brought upon the same agreement to convey land. An action was brought upon the agreement for refusal to convey the land agreed to be conveyed, and before the trial of that action the defendant conveyed the land to the plaintiff. Subsequently a new action was brought to recover damages from the date of the first writ to the time of the conveyance; the two cases are reported together; and it was held by the court that the withholding of the land after a demand for the conveyance was not only a breach of the agreement, but was a continuing breach so long as the defendant was the owner of the land, and successive actions could be brought upon the successive breaches. It was suggested that if the defendant had conveyed the land to a third person, so that it was impossible for him to perform his agreement, the rule might be different. It was however held, that the two actions were properly brought, and judgment was entered for the plaintiff upon each. Mr. Justice Metcalf, in his opinions, in an interesting and exhaustive manner reviews all the authorities, and lays down as the rule of law in this Commonwealth the same principle as is herein declared. By that rule, it is clear that damages should have been assessed only to the date of the writ, and that the assessment beyond that time was error, by reason of which the exceptions must be sustained; but, as the substantial merits have been tried, they are sustained for the

*Assessment of damages only.*