DOWNS *v.* STATE.

Opinion delivered May 11, 1895.

*Rape—Indictment—Surplusage.*

    An indictment for rape, which charges that defendant, "upon one P. B., a female, forcibly and feloniously did make an assault, and *upon* her, the said P. B., then and there, forcibly and against her will, feloniously did ravish and carnally know," etc., is sufficient, the word "upon," as used the second time, being surplusage.

Appeal from Conway Circuit Court.

JEREMIAH G. WALLACE, Judge.

*J. F. Sellers* for appellant.

The word "upon" renders the indictment uncertain. 27 A. & E. Enc. Law, p. 699. The word "upon" can not be stricken out as surplusage. Whart. Cr. Pl. & Pr. secs. 158 (8 ed.); 10 A. & E. Enc. Law, pp. 545-6, 554. The indictment was not good at common law. 29 Ark. 147; const. art. 2, sec. 8; 140 N. Y. 134. See 26 Ark. 330; 27 *id.* 493; 34 *id.* 263; 37 *id.* 408; 41 *id.* 359; 43 *id.* 93; 22 S. W. 955.

*E. B. Kinsworthy*, Attorney General, for appellee.

"No indictment is insufficient, nor can the trial judgment or other proceedings thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits." Sand. & H. Dig. sec. 2076. This section does not conflict with art. 2, sec. 8, constitution, 1874. Appellant could not have misunderstood, or been misled by, the form of the indictment. 55 Ark. 532; 54 Ark. 492-3-4; *Ib.* 662-3; 49 *id.* 499. The use of a wrong word will not affect the validity or sufficiency of an indictment, where the meaning is not thereby changed, and the substantial rights of defendant are not thereby prejudiced. 10 Am. & Eng. Enc. Law, p. 546; 20 Tex. 450; 103 Ind. 170. If the word is unnecessary or redundant, it will not vitiate the indictment. 10 Am. & Eng. Enc. Law, p. 552; 25 Ala. 64.

BATTLE, J. Appellant was indicted for and convicted of rape. The indictment against him, omitting the caption, is as follows: "The grand jury of Conway county, in the name and by the authority of the State of Arkansas, accuse Will Downs, of the crime of rape, committed as follows, to wit: The said Will Downs, in the county and State aforesaid, on the first day of December, 1894, in and upon one Polly Briden-

bough, a female, forcibly and feloniously did make an assault, and upon her the said Polly Bridenbough, then and there, forcibly and against her will, feloniously did ravish and carnally know, against the peace and dignity of the State of Arkansas."

The only question in the case is, is the indictment sufficient? The appellant insists that it is not, because it does not charge that he ravished or carnally knew Polly Bridenbough. This grows out of the fact that the word "upon" was used once too often. Omitted where it appears the second time, there is no room for the contention. Should it be treated as surplusage in the latter place?

It was evidently used the second time in the indictment through inadvertence. As it appears the last time, it was obviously a clerical error. We cannot see how any one could be misled by it. The intention of the indictment is plain. The word "upon," as used the second time, is manifest surplusage, and should be treated accordingly. We cannot treat it otherwise without disregarding the plain meaning of the indictment, and placing upon it the most absurd and unreasonable construction. According to the view we have taken, the indictment, under the statutes of this State, is sufficient. Sand. & H. Dig. secs. 2075, 2076, 2089, 2090.

Judgment affirmed.