## WARD *v.* STATE.

Opinion delivered February 15, 1902.

1. EVIDENCE—COMMUNICATION FROM HUSBAND TO WIFE.—Where a husband handed to his wife a note partly addressed to her and partly to another, so much as was addressed to her is inadmissible against him, as a privileged communication; but the remainder of the writing is admissible to show the purpose for which it was written, though it was taken from the wife against her will. (Page 205.)

2. LARCENY—INSTRUCTION.—On trial for larceny of an animal which defendant claimed that he purchased from another, an instruction that, if the jury find that such vendor stole the animal, and defendant was present and assisting, then he would be guilty, was erroneous in ignoring the idea that defendant would not be guilty unless he knew that his vendor did not own the animal. (Page 206.)

Appeal from Phillips Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*McCulloch & McCulloch* and *H. F. Roleson,* for appellant.

The proof of ownership was not sufficient.	2 Russ. Cr. 48; Bish. Cr. Pro. § 721.

*George W. Murphy, Attorney General,* for appellee.

The proof of ownership was sufficient.	Sand. & H. Dig., § 2080; 32 Ark. 203.

HUGHES, J.	The appellant was indicted for and convicted of the larceny of a yearling, and appealed to this court.	There was some testimony tending to show that the appellant bought the yearling from Charlie Lawrence, who was a witness in the case.

On the trial the state offered to introduce a letter written by defendant; it being agreed by counsel for defendant that W. R. Hampton, if present, would testify that he was jailer at Marianna; that in September, 1900, while defendant was in jail, witness allowed defendant's wife to visit him in the jail, and while she was in there witness saw defendant slip something to her; that when she came out witness took the article away from her, and it was the note offered in testimony wrapped in a leaf of a Bible.	The defendant objected to the introduction of the testimony of Hampton and of the letter because the same was irrelevant.	The court overruled the objection, to which the defendant excepted.	The letter was as follows: "To Lies Nesba: Mr. Lias Nesba, I want you and Johnson to get together, and Charlie Lawrence, and get him to say that he sold me that yearling.	If you will do that for me, I have got them.	You see Charlie, and have a talk with him, you and Johnson.	I will have you and Johnson sumens at once.	Don't get afraid.	Now, help me.	if it was you, I would dou that for you.	I want you and Johnson to get redy.	I want a new tryel as soon as you get this note.	I want you all to swere that Charlie Lawrence told you that he sold me that yelen.	Since I have been in jail, he told you that.	As soon as you read this note, you burn it up.	I am going to have you sumens.	Be redy.	Your friend, B. W. Ward, in jail, Marianna, Ark.	Wife, send for lies nesba to come at once.	You give him this note, and tell him to get redy at once.	I want to have a new tryel tuesday, and as soon as you give this note to lies, then you go and tell my lawyer that I want to call a new tryel, and i will come home.	B. Ward."

That part of the letter to the wife was a confidential communication from husband to wife, and privileged, and not admissible in

cvidence, but there is nothing material in this part of it. 1 Greenl. Ev. § 254. But the majority of the judges are of the opinion that that part of the letter not addressed to the wife, but to "Lies Nesba," is not privileged, though taken from the wife against her will, and was admissible in evidence to show the purpose for which it was written. The jury might think it was an attempt to manufacture testimony, or that it was an attempt to get Charlie Lawrence to tell the truth, and say he had sold the steer to the defendant, which he had sworn he did not do, on the trial. The defendant was contemplating a motion for a new trial when the letter was written. The defendant had testified that Charlie Lawrence sold him the yearling, claiming that he owned it.

The jury retired, and afterwards returned into court for further instructions, and the court orally gave the following: "If the jury find that Charlie Lawrence stole the yearling, and the defendant was present and put the rope on the yearling, or assisted in so doing, or in driving it away, then he would be guilty as charged in the indictment," to which the defendant excepted. This was error. It ignores the idea that, if defendant bought the steer from Lawrence, who claimed to own it, they could not convict the defendant, unless they believed from the evidence beyond a reasonable doubt that the defendant knew at the time that Lawrence did not own the steer.

For the error in this instruction, the judgment is reversed, and the cause is remanded for a new trial.

BUNN, C. J., (dissenting). A fair construction of the letter does not authorize the conclusion that the defendant intended to suborn witnesses. From its language, he being evidently an ignorant person, it may have meant to have Lawrence merely speak the truth. This note or letter raised no question for the jury. Like any other instrument of writing, its linguistic meaning is for the court to determine.

Furthermore, I think the undelivered letter may be regarded as a privileged communication between husband and wife. The exceptions to the rule of nonadmissibility are based upon the act of the party to be affected voluntarily giving the substance of the communication to a third person. An exception to the general rule is not made where the writing, as in this case, was extorted by force or intimidation from the wife or husband, nor where the one

or the other is made to divulge a verbal privileged communication. See *State* v. *Mathers,* 15 L. R. A. 268, note.

I think the judgment should be reversed.