HAMMONS v. STATE.

Opinion delivered January 7, 1905.

1. EVIDENCE—VOLUNTARY STATEMENT.—Statements of the accused made to the sheriff voluntarily, and not through any inducements held out by the latter are admissible. (Page 497.)

2. SAME—LETTER TO WIFE—PRIVILEGE.—An incriminatory letter written by the accused to his wife, but which accidentally fell into the hands of another without the wife's connivance, is admissible against him. (Page 498.)

Appeal from Conway Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

*W. P. Strait,* for appellant.

1. The letter was a privileged communication between husband and wife, and it was error to admit it. 70 Ark. 204. See 13 Ark. 295; 21 *Id.* 77; 27 *Id.* 493; 26 L. R. A. 864; 2 *Id.* 615 (note); 121 Mass. 137; 117 *Id.* 90; 2 Allen, 558; 8 Cent. Rep. 150; 116 Pa. 109; 113 Mass. 157; 32 Fed. 368; 5 N. E. Rep. 268; 1 Bailey L. 568.

2. If under twelve years, the presumption is that the girl was not capable of consenting; but if over ten, this presumption may be overcome by proof, and the court should have so told the jury. 50 Ark. 330; 17 Oh. St. 522; 11 Ark. 389. The

court used the words "against her consent." Sandels & Hill's Digest, section 1862, uses the words "against her will." 8 Ark. 400; 11 *Id.* 389; Bish. Cr. Law, 7th Ed., Vol. 2, p. 627.

3. Force is an essential element of rape. This element is wanting. 32 Ark. 704; 29 *Id.* 116; 11 *Id.* 389; 53 *Id.* 425.

*George W. Murphy, Attorney General,* for appellee.

There was no error in the court's instructions. Regardless of the age of the prosecutrix, the presumption is that, if done without consent, it was done against her will; and there is nothing in the distinction which appellant attempts to draw between cases where the act is done against the will of the prosecutrix and where it is done merely without consent. 1 McClain, Cr. Law. § § 438, 440, 441; 53 Ark. 425. There was no error in the admission in evidence of the letter delivered by appellant to Brown. 45 Ind. 366; 2 Ind. App. 183; 131 Mass. 31; 110 Mass. 181; 98 Pa. St. 501; 46 N. E. 31; 91 Am. Dec. 291; 35 Vt. 378; 20 Kan. 599; 15 L. R. A. 268, and note.

HILL, C. J. The appellant was indicted for the crime of rape committed on his step-daughter, a child of eleven years of age. He was convicted, and sentenced to the death penalty, and obtained an appeal to this court.

The alleged errors will be considered in the order presented.

1. The indictment was sufficient.* The form thereof was approved in *Downs* v. *State,* 60 Ark. 521, and the demurrer thereto was properly overruled.

2. The evidence amply sustains the verdict. The testimony of the child was direct and positive, and strongly corroborated. The defense attempted to prove that the child had knowledge of sexual intercourse, consented to it, and in fact was the soliciting party. The purpose of this evidence was to overcome the presumption of want of capacity to consent, and to prove an appreciative consent; thereby to reduce the crime to carnal abuse. The evidence of the physician, who examined the child, of her immaturity and injury inflicted by the sexual act, rendered this defense, which was supported alone

---

*The indictment charged that defendant, on the 20th of September, 1904, in the County of Conway, State of Arkansas, unlawfully, forcibly and feloniously did assault Zelma Thomas, and her, the said Zelma Thomas, did then and there unlawfully, feloniously, forcibly and against her will carnally know, against the peace," etc.—(Rep.)

by the defendant's oath, incredible. There was also evidence on the part of the defendant that the child was over twelve. The trial court fully charged the jury as to the law governing if the child was over twelve, and no exceptions are taken to that part of it. The evidence was conclusive, however, that the child was under twelve. That offered by the State, part of that by the defendant, and the record of the marriage of her parents, place this question beyond reasonable doubt. The State's evidence, if true (and it comes here accredited by a jury who heard and saw this child, and who believed her), establishes that this crime was cruelly committed, and by the one person to whom the child had a right to look for protection, not ruin—her mother's husband.

3. The objection to the testimony of the sheriff as to statements made by him by the appellant is not tenable. The statements are not important of themselves, and, even if they were, the uncontradicted testimony of Sheriff White is that they were freely and voluntarily made, and not through any inducements held out by him. *Meyer* v. *State,* 19 Ark. 156; *Youngblood* v. *State,* 35 Ark. 35.

4. Instruction No. 1 is correct as far as it goes, and, taken in connection with No. 4 given at the instance of the appellant, covers the law of rape of children between 10 and 12 years of age as declared in *Coates* v. *State,* 50 Ark. 330.*

---

*Instructions No. 1, given by the court, and No. 4, given at appellant's request, were as follows;

"1. Gentlemen of the jury, there are three things which the State must prove in this case, to your satisfaction, beyond a reasonable doubt: First, that the defendant obtained carnal knowledge of the person of Zelma Thomas; second, that it was done forcibly; and third, that it was done without her consent. However, if you can find that she was under twelve years of age at the time the offense is alleged to have been committed, the law presumes that she was too young to give her consent—had not arrived at that age of intelligence when she could appreciate and understand the nature of the sexual act, and was not capable of consent. If a person has carnal knowledge of a girl under the age of twelve years, who is not capable of consenting, it is rape. In other words, in this particular case, if Zelma Thomas has not arrived at the age when she could understand and appreciate the sexual act, then she could not consent to have sexual intercourse with defendant; and if he did have sexual intercourse with her under those conditions, he is guilty of rape.

"4. If you find from the evidence that, at the time of the alleged offense, the prosecutrix was under twelve years of age and over ten, the law presumes that she is of such tender age as not to have proper knowledge of the nature of the act, and to be incapable of consenting to it, but this presumption may be overcome by proof to the contrary; and if you find from the proof that she had a proper knowledge of the nature of the act, and the intercourse was not against her will, or if you have a reasonable doubt as to this, you should acquit the defendant."—(Rep.)

5. The last and only serious question in the case is as to the admissibility of a letter written by appellant to his wife. The history of it is as follows: While in jail, appellant was visited by a negro, and he requested the negro to carry the letter to his wife, and the negro promised to do so. He took it to the place where Mrs. Hammons lived, and, meeting her father at the gate, gave it to him, asking him to deliver it to Mrs. Hammons. The father says that he told the negro he would not let Mrs. Hammons see it, and in fact she did not, as he carried it to an uncle of the injured child, who introduced it in evidence. There is no evidence connecting Mrs. Hammons in any way with the delivery of the letter to the witness. The letter is highly incriminatory. In it the appellant repeatedly admits his crime, and appeals to his wife and injured child (to whom it is jointly addressed) to save him from the gallows by changing their statements and preventing the physicians from testifying. Was the letter competent evidence, or was it a privileged communication? This exact point, the admissibility of letters passing between husband and wife and offered by a third person, has frequently been before the courts, and the decisions are conflicting. Even those holding to the same view of the question sometimes present different reasons for the ruling. The following decisions are against the competency of the evidence, holding it privileged. *Mercer* v. *State,* 24 So. (Fla.) 154; *Wilkerson* v. *State,* 91 Ga. 729; *Scott* v. *Commonwealth,* 94 Ky. 511; *Selden* v. *State,* 74 Wis. 271; *Bowman* v. *Patrick,* 32 Fed. Rep. 368; *Liggett* v. *Glenn,* 51 Fed. Rep. 381. The last case was not between husband and wife, but attorney and client, but the reasoning of it applies to the privilege between husband and wife as fully as between attorney and client.

The following authorities declare the letter admissible and not privileged in hands of the third person: *Buffington* v. *State,* 20 Kan. 599; *State* v. *Hoyt,* 47 Conn. 518; *State* v. *Ulrich,* 110 Mo. 350; *People* v. *Hayes,* 140 N. Y. 484, s. c. 37 Am. St. Rep. 372; *State* v. *Mathers,* 15 L. R. A. (Vt.) 268; *Lloyd* v. *Pennie,* 50 Fed. Rep. 4; Ohio cases (not accessible in the Library) cited in note at p. 97 of 23 Am. & Eng. Enc. of Law (2d Ed.). In *Mahner* v. *Linck,* 70 Mo. App. 380, the Court of Appeals evidently overlooked the fact that the Supreme Court in Ulrich's

case, *supra,* had cited approvingly the Buffington and Hoyt cases and held that generally such letters were not admissible, but said that they would be when accompanied with evidence that they had not been procured by the connivance of the wife, which doctrine would admit the letter here in question. The writers on evidence hold that the letter as presented in this case is admissible. Wharton on Criminal Evidence, § 398; Underhill on Criminal Evidence, § 187; 23 Am. & Eng. Enc. of Law (2d Ed.), p. 97; note to 1 Greenleaf on Evidence, § 254; note to *Com.* v. *Sapp,* 29 Am. St. Rep. 415.

*Buffington* v. *State,* 20 Kan. 599, is the leading case on the subject. The doctrine there is that the statute, which is substantially similar to section 2916 of Sandels & Hill's Digest, limits the privilege to the husband or wife testifying for or against the other, but does not provide that other parties obtaining the communications shall not produce them; and that the privilege attached to letters extends only to them while in the possession or control of the husband or wife or their agents or representatives. This accords with the decision in *Ward* v. *State,* 70 Ark. 204. In that case the husband wrote a letter to his wife and delivered it to her while she was visiting him in jail. It was taken from her person forcibly and against her will. It was clearly privileged while in her possession and control, and the unlawful and forcible taking from her could not destroy its privileged character, and this court properly excluded it as a privileged communication. In *State* v. *Hoyt,* 47 Conn. 519, a capital case, the court said: "The question was not whether the husband or wife could have been compelled to produce this evidence, but whether, when the letters fell into the hands of a third person, the sacred shield of privilege went with them. We think not." The authorities are practically agreed that when a conversation between husband and wife is overheard it may be testified, to by the third party. 1 Greenleaf on Evidence, § 254. *Com.* v. *Griffin,* 110 Mass. 181; *Fay* v. *Guynon,* 131 Mass. 31; *Allison* v. *Borrow,* 91 Am. Dec. (Tenn.) 291; *State* v. *Center,* 35 Vt. 378; *Griffin* v. *Smith,* 45 Ind. 366.

It is also held that a conversation is not privileged when made in presence of third persons. *Reynolds* v. *State,* 46

N. E. Rep. 31; *Mainard* v. *Beider,* 2 Ind. App. § 183; 28 N. E. Rep. 196; *Robb's Appeal,* 98 Pa. St. 501.

As the tendency of the rule is to prevent a full disclosure of the truth, it must be strictly construed. *Satterlee* v. *Bliss,* 36 Cal. 508; *Foster* v. *Hall,* 12 Pick. 98; *Gower* v. *Emery,* 18 Me. 82.

The object of the rule is to prevent husband or wife from impairing the sacredness of confidential communications between themselves, and hence they are rendered incompetent as witnesses to such transactions and letters, and other communications between them are shielded by the privilege of the marital relation, so long as such letters are in the possession or control of either, and their production cannot be compelled when held by husband or wife or their agents or representatives. This is the extreme limit that public policy and the weight of authority extends the privilege. The letter in question was not taken from the custody of the wife, neither her person nor privilege was violated by its production, and it was admissible evidence.

There is no error in the judgment, and it is affirmed.

McCULLOCH, J., (dissenting.) I do not agree with the majority in holding that the letter written by appellant to his wife while in jail was admissible against him. The authorities *pro* and *con* are cited in the opinion of the court, and it is unnecessary to repeat them here. There is a sharp conflict in the authorities, and it is difficult to determine where the weight lies either in numbers or learning. Treating them as of equal weight, I am persuaded that those holding to the view that such a letter is not admissible are in accord with reason and a natural sense of justice.

This court held in *Ward* v. *State,* 70 Ark. 204, that a letter written by a husband while in jail to his wife and taken from her person could not be used as evidence against him. The facts of that case were different from the facts here only in that the letter in this case was intercepted before it reached the wife, and in the Ward case the letter was taken from the wife after it had reached her.

I cannot see, however, that this difference alters the application of the principle or changes the rule. The fact that the letter was forcibly taken from the wife, on the one hand, and

that it was intercepted before it had reached the wife on the other hand, should not be a controlling distinction. In either case it is a communication made by the husband to the wife and intended for her only, and by the policy of the law is privileged. It is unimportant and immaterial how the letter comes into the possession of the prosecution, so that it is not with the consent of the husband who wrote it, and against whom it is sought to be used. The benefit is one that results to him only, and only he can raise the privilege. It is introduced in the nature of a confession of guilt, and it is an elementary principle that a confession, to be competent, must have been freely and voluntarily made. A confession written under a privilege cannot, in my opinion, be regarded as a free and voluntary confession, so as to be admissible as an evidence of guilt. It is the policy of the law to encourage, rather than to limit, free communication and sacred confidences between husband and wife, and the exigencies of no case can demand a violation of the privilege with which the law clothes such communications.

For these reasons, I think the learned circuit judge erred in admitting the letter in evidence, and for that error the judgment should be reversed.

I am authorized to say that Mr. Justice BATTLE concurs in these views.