[No. 6192.   Decided July 20, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. JIM FALSETTA, *Appellant.*[1]

RAPE—INFORMATION—SUFFICIENCY.   An allegation in an information for rape alleging that the defendant on a certain date "did carnally know one G. a female child under the age of eighteen years," alleges that she was then and there under such age, sufficiently to enable a person of common understanding to know what was intended.

SAME—DEFENSES—SUBSEQUENT MARRIAGE OF PARTIES.   It is no defense to a prosecution for the crime of rape that the prosecuting witness subsequently married the defendant.

WITNESSES—COMPETENCY OF WIFE—CROSS-EXAMINATION—OBJECTIONS.   The competency of an alleged wife to testify against her husband in a criminal prosecution must be challenged at the time she is sworn, and tried out as an independent issue, and cannot be brought out upon her cross-examination.

CRIMINAL LAW—APPEAL—EVIDENCE—HARMLESS ERROR.   In a prosecution for rape, it cannot be prejudicial error to exclude evidence to the effect that the prosecuting witness was the wife of the defendant at the time of the trial, where evidence upon the part of the defendant showed that she had not married him.

CRIMINAL LAW—TRIAL—RECEPTION OF EVIDENCE—REPETITION.   In a prosecution for rape it is not error to exclude on cross-examination the opinion of a witness as to the age of the prosecuting witness at a previous time, when he had already given his opinion as to her present age.

1Reported in 86 Pac. 168.

WITNESSES—PRIVILEGED COMMUNICATIONS—OVERHEARD BY THIRD PARTY. The rule concerning privileged communications between attorney and client has no application to a conversation overheard by a third person and such party may testify as to what he heard.

RAPE—AGE OF CONSENT—FORCE—EVIDENCE—ADMISSIBILITY. In a prosecution for the statutory offense of rape upon a female under the age of consent, evidence of acts of force is admissible as part of the *res gestae*, although not an element of the crime under the statute.

Appeal from a judgment of the superior court for King county, Griffin, J., entered December 14, 1905, upon a trial and conviction of the crime of rape. Affirmed.

*William C. Keith (F. R. Conway,* of counsel), for appellant.

*Kenneth Mackintosh,* for respondent.

FULLERTON, J.—The appellant was convicted of the crime of rape, and appeals from the judgment pronounced against him.

It is first assigned that the court erred in overruling the demurrer to the information, the charging part of which was as follows: "He, the said Jim Falsetta, in the county of King, state of Washington, on or about the 10th day of September, A. D. 1905, then and there, unlawfully and feloniously, did carnally know one Mary Gaconetti, a female child under the age of eighteen years." It is objected that the information fails to allege that the female child was under the age of eighteen years at the time the appellant carnally knew her, but we think this the obvious and natural meaning of the language used. True, the pleader could have made the charge more definite by averring that the child was "then" or "then and there" under the age of eighteen years, but he is only required to plead the facts in such manner as to enable persons of common understanding to know what is intended. This he has done, and the information is sufficient against the objection urged.

On the cross-examination of the prosecuting witness, the appellant's counsel sought to show that she was then the wife

of the appellant. Questions intended to elicit answers to this effect were objected to by the state, and excluded by the court on the ground that the fact was immaterial. These rulings are assigned as error, but clearly they are not so. Conceding that the appellant had subsequently married the prosecutrix, such marriage would be no defense to the crime with which he was charged. Nor were the questions permissible for the purpose of testing her competency to testify against the appellant. If the appellant desired to object to the witness testifying against him on the ground that she was his wife, he should have challenged her competency at the time she was sworn, and tried the question out before the court as an independent fact. But, until the challenge was made in some form, it was not error for the court to exclude evidence concerning the fact. But, more than this, if it was error, it was cured by the subsequent action of the court. Later on the appellant, as a part of his defense, was permitted to put in evidence the facts which he claimed showed a marriage between himself and the prosecuting witness. The evidence, however, fell far short of proving the marriage. The very officer whom he called to prove it testified that the marriage did not take place. He expressly stated that, although the appellant, the girl, and the girl's father appeared before him with a marriage license, he refused to perform the ceremony because the girl, when questioned by him, would not consent to be joined in marriage with the appellant. It would seem, therefore, that under any theory of the case it was not error requiring reversal for the court to sustain the objection of which the appellant complains.

A witness for the defendant was asked to give his opinion as to the age of the prosecutrix at the time she came to the United States. The court refused to permit the witness to answer, and error is assigned thereon. There was no error in this ruling. The witness had, in answer to questions theretofore put to him by the defendant, given his opinion as to

the present age of the girl, saying, "She looks about seventeen I think." There was no requirement that it should be repeated in another form.

While testifying as to the circumstances constituting the offense, the prosecuting witness stated that the defendant threatened her with a revolver, and compelled her to yield to him through fear of bodily harm. The appellant took the stand in his own defense and denied that he ever owned, or had in his possession, a revolver, while at the place where the prosecutrix testified the crime was committed. On cross-examination the state asked him if he did not state to his counsel in the court room in the presence of an officer of the court that he possessed a revolver at that time. On his denying the fact, the state put the officer on the stand and, over the objection of the appellant, he was permitted to testify that he had heard the appellant make such a statement. It is objected that this statement was a privileged communication between the defendant and his attorney, and that it was error to permit the officer for that reason to testify to it. But such is not the rule. Doubtless the attorney could not have been compelled to testify to the fact over the objection of the appellant, but the rule that precludes the attorney from testifying has no application to a third person who by accident or design overhears the communication. 23 Am. & Eng. Ency. Law (2d ed.), p. 72.

The appellant urges finally that the facts, whether or not force was used in the commission of the crime, and whether or not he had a revolver at that time, were immaterial matters, as the statutory crime of rape was charged against him, and argues that it was error for the court to permit evidence of such facts to go to the jury at all. But the prosecutrix testified to these conditions as a part of the overt acts constituting the offense, as a part of the *res gestae,* and clearly they were admissible under every rule of evidence.

The defendant had a fair and impartial trial and, in our

opinion, was justly convicted. The judgment should therefore be affirmed, and it is so ordered.

MOUNT, C. J., RUDKIN, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.