[No. 6530. Decided March 12, 1907.]

THE STATE OF WASHINGTON, *Respondent*, v. BERT S. FRYE, *Appellant*.[1]

WITNESSES—COMPETENCY—HUSBAND AND WIFE—APPEAL—REVIEW. The accused cannot allege error in permitting his wife to testify against him where, upon objection, he offered no proof that the witness was his wife; nor where, after answering on cross-examination that she was his wife, he made no motion to strike out the evidence.

CRIMINAL LAW—APPEAL—REVIEW—HARMLESS ERROR. It is harmless error to admit in evidence parts of the record in another case showing that the accused had been tried for another offense, where that fact had already been established by other evidence admitted without objection.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 2, 1906, upon a trial and conviction of obtaining money under false pretenses. Affirmed.

*E. H. Kohlhase*, for appellant.
*Kenneth Mackintosh*, for respondent.

ROOT, J.—Appellant was tried and convicted upon a charge of obtaining money under false pretenses. The state

[1]Reported in 89 Pac. 170.

called to the witness stand a woman by the name of Addie Street. Appellant objected to her giving testimony upon the ground that she was the wife of the appellant. No evidence being given or offered to establish this relationship, the objection was overruled, and the witness proceeded to give testimony, some of which was unfavorable to the defendant. Upon cross-examination she was asked this question, "Are you married to this defendant?" to which she answered, "I am." The objection to the witness testifying was not renewed, and no motion was at any time made to strike the testimony which she had given, but the appellant's counsel proceeded with the cross-examination. The respondent concedes that a wife may not give testimony in a criminal case against her husband, but contends that this woman was not the wife of the defendant, and that her testimony to the effect that she was married to the defendant was incompetent to establish the marriage relation. It was suggested by respondent's counsel that the state had in attendance numerous witnesses to prove that the witness and defendant were not husband and wife, and would have offered their testimony had there been any competent evidence of a marriage introduced, or any proper motion to strike from the record any evidence given by the witness.

It is respondent's contention that appellant, at the time of objecting to the witness giving evidence, should have offered proof to establish the marriage relation. The state further maintains that even if her testimony that she was married to the defendant were competent to establish that fact, the neglect of the defendant to have the evidence of the witness theretofore given stricken, prevents them from now taking the advantage of its incompetency. At 19 Am. & Eng. Ency. Law (2d ed.), 1198, we find the following: "At common law the married parties were not competent to prove their marriage, but their incapacity has been removed to some extent by various statutes." No such statute is called to our attention here. Wharton, Criminal Evidence (9th ed.), p. 322, says: "Where the relation of husband and wife under

the local law makes either incompetent as a witness for or against the other, it is necessary, to work such incompetency, that a valid marriage should be proved." And at page 148 the same author says: "In criminal issues, however, the latter form of proof [reputation, etc.] is usually admissible only for collateral purposes, the marriage being proved by record or by eyewitnesses." In the case of *State v. Falsetta,* 43 Wash. 159, 86 Pac. 168, this court said: "If the appellant desired to object to the witness testifying against him on the ground that she was his wife, he should have challenged her competency at the time she was sworn, and tried the question out before the court as an independent fact." In the case of *Arndt v. Harshaw,* 53 Wis. 269, 10 N. W. 390, the supreme court of that state in effect held that:

"A general objection on the introduction of a husband as a witness in behalf of his wife to his incompetency as such, which is overruled, does not reach an error in permitting him to answer a question as to matters in which he did not act as her agent, to which question no specific objection was made. The objection, however, must be taken as soon as the competency of the witness is discovered, by motion to strike out or otherwise. If this is not done, the objection is waived."

We think the contention of the respondent must be upheld. When it was suggested that the witness was the wife of the defendant it would have been proper for the court to have immediately directed the parties to produce evidence as to the matter; but there is no statute or rule of law requiring the court so to do, and it was not incumbent upon the state to offer proof upon that question as long as the defendant offered none to substantiate its objection. The objection having been made when there was nothing in the record to show that the witness was the wife of the defendant, and no evidence being offered to prove that defendant and witness were husband and wife, there was no error on the part of the court in overruling appellant's objection to the witness testifying. When upon cross-examination the witness stated that she was married to

the defendant, it was the duty of the defendant to ask that her testimony be stricken if he did not wish it to be considered by the jury. No such motion or request was made.

It is also urged by appellant that portions of the record in another case, wherein the appellant was tried for crime, were improperly introduced in this case, and that this had a tendency to prejudice the jury against him. There is a serious question as to whether this evidence was admissible; but, if error, it was not prejudicial. There had already been evidence, given without challenge or objection, to the effect that the witness Street had pawned her diamonds to raise money to bail defendant when he was incarcerated upon another criminal charge. The jury having learned these facts from the evidence already before them, we cannot say that the introduction of the records gave them such information to defendant's prejudice.

The judgment of the trial court is affirmed.

HADLEY, C. J., MOUNT, DUNBAR, and CROW, JJ., concur.