THE UNITED STATES EXPRESS CO. *v.* THE OHIO
ELECTRIC RAILWAY CO.

*Contracts—Entire or severable—Operation of express business over traction lines—Installments and mileage payments—Pleading—Amendment of petition—Section 11363, General Code—Nature of claim changed, when.*

1. A contract between an express company and a traction company, by the terms of which the express company is to pay to the traction company a stipulated sum of money in installments at specified times, and also operate an express business over the lines of the traction company for ten years and as a part of the operation pay the traction company, as provided in the contract, a sum not less than $115 per mile, annually, is a severable contract.

2. In an action by the traction company to recover from the express company an unpaid installment of money due under such contract, the petition, which pleads the contract and that it is in full force and effect and is being performed by both parties, cannot, under Section 11363, General Code, be amended, after a subsequent breach by the express company of the executory part of the contract to operate an express business, so as to recover damages for such subsequent breach.

(Decided February 7, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Platt & Field* and *Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.

*Messrs. Maxwell & Ramsey; Mr. Joseph S. Graydon* and *Mr. Paul C. Martin,* for defendant in error.

CUSHING, J. Defendant in error recovered a judgment against plaintiff in error in the court of common pleas, and this proceeding is prosecuted to reverse that judgment.

The petition in the court below, filed June 25, 1914, stated that the contract between the parties, dated May 1, 1909, was in full force and effect, was being performed by both parties, and that plaintiff had performed all the conditions on its part.

As the basis of its action the Electric Company pleaded paragraph XVIII of the contract:

"XVIII. In addition to the other amounts to be paid by the Express Company to the Traction Company under this contract, the Express Company shall also pay to the Traction Company the sum of one hundred thousand ($100,000) dollars, payable as follows: Fifty thousand ($50,000) dollars in cash contemporaneously with the execution of this agreement, and fifty thousand ($50,000) dollars in five annual installments of ten thousand ($10,000) dollars each, to be paid on the first day of June of each year, beginning with the first day of June, 1914."

It claimed that the agreed sum of $10,000 became due and payable June 1, 1914, and was not paid; that the Express Company had and still refused to pay said sum. The petition asked for judgment for that amount with interest from June 1, 1914. The precipe and summons were endorsed: ".Action for

money only, amount claimed ten thousand ($10,000) dollars and interest thereon from June 1, 1914." Summons was served on the defendant the day the petition was filed.

The defendant answered admitting the contract, the payment of the fifty thousand dollars, and that it had and still refused to pay said ten thousand dollars. It denied that the contract was being performed and that plaintiff had performed the conditions on its part. Further, as part of its first defense, the Express Company claimed that under paragraph XI of the contract it had the option to terminate it, and that pursuant thereto on May 28, 1914, it notified the Electric Company that it would terminate the contract at the close of business June 30, 1914.

In our view of the case, it will not be necessary to state the other defenses pleaded by the Express Company.

It was conceded in argument that the Express Company did not perform the executory part of the contract after June 30, 1914.

The Electric Company did not reply to defendant's answer and no further steps were taken in the case until June 13, 1916, except a hearing on a motion, to which the Express Company entered its appearance only for the purpose of the motion. On that date the Electric Company, over the objection of the Express Company, filed an amendment to its petition by leave of court. The amendment in substance stated that on May 28, 1914, it was notified by the Express Company that it would not longer be bound by the contract, and that at the close of business June 30, 1914, it would discontinue the operation of said express business, to this plaintiff's damage in the sum of $300,000.

Stated in another form, the situation is that the action filed June 25, 1914, on which summons was served, was to recover an agreed sum of money under the contract, due and payable on June 1, 1914. The amendment to the petition was to recover damages for the breach of the executory part of the contract to operate the express business for the remainder of a term of ten years. That breach occurred after the filing of the original action. Summons was not served on the amendment.

It becomes necessary to consider and determine whether under Section 11363, General Code, the amendment stated a different cause of action from that in the original petition.

By the plain terms of the contract the Express Company agreed to discharge two obligations. The one was to pay $100,000, at the times stated in the contract; the other was an executory requirement that it operate an express business over the lines of the Electric Company for a period of ten years and as a part of that operation pay the Electric Company, as therein provided, not less than $115 per mile annually.

There was no provision in the contract that in case of a termination of the contract there should be an adjustment or apportionment of any of the accrued payments.

The failure to pay the ten thousand dollars when it became due was not a breach of the executory part of the contract to operate the express business. The Electric Company had the right to sue the Express Company, as it did, for the ten thousand dollars and to treat the contract as in force. In so doing, the action kept the contract alive for the benefit of both parties. By its terms, as recognized by the Electric Company in bringing its action, the obligations of

242     OHIO APPELLATE REPORTS.

Express Co. *v.* Elec. Ry. Co.          [15 Ohio

the contract were separate and distinct. The contract being severable, recovery could be had on each part of it. As stated in *Stephenson* v. *Repp,* 47 Ohio St., 551, on refusal to perform one part of a contract a party may without waiting maintain an action at once, and the measure of damages will be the price of the goods sold and delivered. The promise to pay $10,000 was separate and distinct from the agreement to operate the express business. Paragraph VII of the contract fixes the amount that the Express Company shall pay for the operation of that business. Paragraph XVIII provides for the payment of $100,000, to be in addition to the other amounts to be paid by the Express Company to the Electric Company. The sum was fixed. The times of payment were stated. The payment of the fifty thousand dollars was postponed, and made payable in installments as stated. The original action was brought to recover the sum of $10,000, an accrued installment, and nothing further.

The language of the petition could not be construed as an election by the Electric Company to treat the contract as being already broken on June 1, 1914. On the other hand, the amendment to the petition was an action to recover damages for a breach of the contract for the failure to operate the express business. The section of the Code referred to authorizes the court to permit an amendment to the petition, among other things, to insert other allegations material to the cause, when the amendment does not substantially change the claim or defense. In *Kirchner* v. *Smith,* 7 C. C., N. S., 22, the court considered this section of the statute, and stated that the tests by which the question whether the amendment states a different cause of action may

be determined are: Would the same evidence prove. either cause of action, when the measure of recovery is the same in each cause of action and when a re-covery on the amendment would bar recovery on the original petition?

Applying these rules to this case the contract in plain terms provides for the payment of $10,000 on June 1, 1914. The contract and nonpayment were admitted in the answer, so that it would not be neces-sary to offer any evidence to establish plaintiff's right to recover on the original petition. The case stated in the amendment would require evidence on a number of questions. The measure of recovery in the original petition was for a specified sum due, while that of the amendment is based on a breach of the whole contract. Clearly the measure of re-covery is different.

It was argued that the failure to pay the sum due June 1, 1914, was a breach of the entire contract and that the rights of the parties under it, and the Ex-press Company's right to terminate the contract, can be considered and determined in the original action for $10,000. On the other hand, it is con-tended that the breach of June 1, 1914, and the no-tice given by the Express Company to the Electric Company on May 28, 1914; amounted to a single breach of the contract and that the amendment of June 13, 1916, was a statement of additional facts showing the breach and right of recovery, so that it could amend the *ad damnum* accordingly. Neither view is correct. Both negative the affirmative alle-gation in the petition that the contract was in full force and effect.

It is argued by plaintiff in error that if any re-covery can be had it is limited to a portion of the

244 OHIO APPELLATE REPORTS.

Express Co. *v.* Elec. Ry. Co. [15 Ohio

$10,000 for a part of the succeeding year, during which the contract was in force, namely one-twelfth of $10,000. This view leads to the conclusion that the original action was for a breach, which, as heretofore stated, negatived the pleadings. This case, unlike the case of *James* v. *Allen County*, 44 Ohio St., 226, has a twofold aspect. The breach for which the action of June 25, 1914, was brought was for a delay in the payment of a sum of money absolutely due by the terms of the contract at that time. In that case judgment could be taken for the money due and not for damages for the delay in payment. The contract was divisible. An action would lie for the nonpayment of the money, while the contract was being performed. The action for the breach of the executory part of the contract to operate the express business would not lie until after June 30, when that part of the contract had been breached.

From the record it is clear that the action of June 25, 1914, was not for an anticipatory breach of the contract. The breach of the contract to operate the express business occurred subsequent to the date of the filing of the original action and the service of summons. The amendment cannot be said to be incidental to the original cause of action. The damages claimed in the amendment arose from a breach of the contract after June 30, 1914. See *Fay* v. *Guynon*, 131 Mass., 31, and 3 Williston on Contracts, Section 1291. Considering the case then on the original petition and the amendment, the court is of opinion, that, whatever construction may be given to paragraph XI of the contract, under the facts of this case it would not relieve the Express Company from the obligation to pay the fixed, accrued sum due.

The conclusion is that as the contract, paragraph XVIII, provided for the payment of $10,000 on June 1, 1914, that amount became due and owing to the Electric Company on that date; that the action to recover that amount was proper. The amendment claiming damages for the breach of the executory part of the contract to operate the express business was not permissible under Section 11363, General Code, and the court erred in permitting the amendment to be filed. It follows that defendant in error is limited to a recovery under its original action in this proceeding, and is entitled to judgment for $10,-000, the amount claimed therein.

The judgment of the court of common pleas should therefore be modified, and judgment entered here for the Electric Company in the sum of $10,000, with interest from the first day of June, 1914.

*Judgment accordingly.*

HAMILTON, J., concurs.

SHOHL, P. J., concurring. I concur with the holding of my associates that the court erred in permitting the filing of the amendment to the petition. According to the original petition the action was filed for $10,000 due on the contract. For the purposes of my views it is not profitable to discuss whether the action is brought for a breach of the contract or for money due on the contract. In either aspect it is because the defendant has not kept its promise to pay $10,000 on June 1st.

The cause of action alleged in the petition, according to its terms, arose June 1, 1914, and interest is claimed from that day. A cause of action arising

246    OHIO APPELLATE REPORTS.

Express Co. *v.* Elec. Ry. Co.    [15 Ohio

on May 28, if the letter of that date constituted an anticipatory breach of the contract, was a cause of action as to which the statute of limitations would have run after the 27th day of May, 1929, and would be a different cause of action from one arising on June 1, on which suit could be brought on May 29, 1929. The amendment changing from one of these causes of action to the other is not an amendment that "does not substantially change the claim" within the meaning of Section 11363. It alleges a different breach of the contract from that for which the original action was brought, and which the defendant was required to answer pursuant to the summons and precipe, showing an action for money only, amount claimed $10,000 with interest. Even if the plaintiff still could have maintained an action for an anticipatory breach subsequent to defendant's conduct of June 25 and February 4, 1915, after the defendant had removed from the state and could not be reached here, its attempt to proceed under the amended petition, filed June 13, 1916, was an effort substantially to change the claim.

In view of the foregoing the questions raised and argued as to the right of the Express Company to cancel the contract, under paragraph XI of the agreement, are not properly before this court for consideration. If the determination of the right to cancel would affect the cause of action for $10,000 set forth in the petition, it would be involved. However, as more fully set out in the opinion of the court, we conclude that even if the Express Company had the right to cancel, it would not affect its obligation with respect to the payment of $10,000, which, under the terms of the contract, it should have paid on June 1st, 1914. Therefore, I do not express my views as to the construction of paragraph XI.