### WOLFLE v. UNITED STATES.*
#### No. 7007.

Circuit Court of Appeals, Ninth Circuit.
April 10, 1933.

*Rehearing denied June 19, 1933.

Wettrick, Wettrick & Flood and H. Sylvester Garvin, all of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

Appellant was convicted of using the mails to defraud in violation of section 215 of the Criminal Code (18 USCA § 338). The only questions pressed on the argument are the correctness of the rulings of the court on the admission of the testimony of the witness Grace Snyder, and in denying a continuance at the conclusion of the testimony by reason of the illness of the appellant. The witness Grace Snyder testified that the defendant dictated to her a letter to his wife; that she took the dictation down in shorthand; and that the letter contained the following reference to the Cantu Mine: "I am going to break in and whenever I do, I am going to rob every last one of them blind." Several objections were made to the introduction of this testimony, but the only one pressed in the argument is the objection that it is a privileged communication between husband and wife.

We think it clear that the statement of the husband to his stenographer is not privileged even though it was intended to be communicated to his wife. The law protecting a spouse from the testimony of the other spouse does not extend to oral communications to third persons, even if intended for transmission to the other spouse. Appellant cites no case to the contrary. The quotation in the brief from Hammons v. State, 73 Ark. 495, 84 S. W. 718, 720, 68 L. R. A. 234, 108 Am. St. Rep. 66, 3 Ann. Cas. 912, seems to support appellant's contention, but an examination of the case discloses that it tends to support the ruling of the trial court in the case at bar.

567

That court said: "The authorities are practically agreed that, when a conversation between husband and wife is overheard, it may be testified to by the third party. [Citing] 1 Greenleaf on Evidence, § 254; Comm. v. Griffin, 110 Mass. 181; Fay v. Guynon, 131 Mass. 31; Allison v. Barrow [3 Cold. (Tenn.) 414] 91 Am. Dec. 291; State v. Center, 35 Vt. 378; Griffin v. Smith, 45 Ind. 366. It is also held that a conversation is not privileged when made in the presence of third persons. [Citing] Reynolds v. State, 147 Ind. 3, 46 N. E. 31; Mainard v. Reider, 2 Ind. App. 115, 28 N. E. 196; Robbs' Appeal, 98 Pa. 501."

The case at bar was tried in the United States District Court for the State of Washington, and in the absence of federal legislation upon the subject the law of the territory of Washington at the time of her admission into the Union as a state controls in the trial of criminal cases in the federal courts sitting therein. Rendleman v. U. S. (C. C. A.) 18 F.(2d) 27; Olmstead v. U. S., 277 U. S. 438, 466, 467, 469, 48 S. Ct. 564, 72 L. Ed. 944, 66 A. L. R. 376; Tinsley v. U. S. (C. C. A.) 43 F.(2d) 890, 895.

The statute of the territory of Washington on the subject of privileged communications between husband and wife was contained in section 392 of the Code of 1881 and later embodied in 2 Hill's Statutes and Codes of Washington (1891) § 1649 and Remington's Compiled Statutes of Washington (1922) § 1214. It was derived from a similar code section in the state of California (Cal. Code Civ. Proc. § 1881). That section of the California Code has been adopted in substantially the same form in all the states in this circuit (Oregon, section 733 Or. Laws 1920; Arizona, section 4412 Struckmeyer's Rev. Code 1928; Nevada, § 5424 Rev. Laws Nevada, 1912; Idaho, section 7937, Idaho Comp. Stats. 1919; Montana, Rev. Code Mont. 1921, § 10536), and it has been uniformly held that the privilege does not extend to oral communications to third persons nor to written communications intrusted to or coming into the hands of third persons. With reference to these Code sections thus adopted by the state of Oregon, the Supreme Court of that state, in State v. Wilkins, 72 Or. 77, 142 P. 589, 590, while recognizing that some courts have held that a written communication from the husband to the wife should be excluded as privileged "no matter into whose possession the communication, if in writing, may fall," also held that the authorities all agree that if oral communications between the husband and wife were overheard by third parties they may be given in evidence by the third party. The court also declined to follow the decisions of other states holding that the privilege extended to a writing between them which had come into the possession of third parties and decided that the purpose of the rule was to protect the speaker or writer from the testimony of the other spouse and that the privilege does not extend to communications when disclosed to strangers. The same view was expressed by the Supreme Court of the state of Washington in an earlier case, State v. Nelson, 39 Wash. 221, 81 P. 721. In State v. Falsetta, 43 Wash. 159, 86 P. 168, 10 Ann. Cas. 177, it was held that the rule concerning privileged communications between husband and wife had no application to the testimony of a third person who overheard such communication. See, also, State v. Rasmussen, 125 Wash. 176, 215 P. 332. The same rule has been followed in California (People v. Chadwick, 4 Cal. App. 63, 72, 87 P. 384, 389; People v. Swaile, 12 Cal. App. 192, 196, 107 P. 134). The same rule has also been followed in Arizona (Chas. De Leon v. Territory of Arizona, 9 Ariz. 161, 80 P. 348), and in Idaho as to communications between attorney and client (State v. Perry, 4 Idaho, 224, 38 P. 655).

With reference to the denial of appellant's motion for continuance, it should be stated that at the conclusion of the evidence the appellant claimed to have suffered a slight apoplectic stroke. He was thereupon examined by two physicians who testified in court with reference to his condition. One of them testified that in his opinion the appellant had suffered a slight stroke. This opinion was based in part upon the statement of the defendant to this physician that he had a feeling of numbness in his left arm and that he could hardly move that arm. The other physician testified that in his opinion the defendant had not suffered a stroke, that he found no evidence of paralysis in the arms, and that in his opinion he could attend the balance of the trial without injuring his health. The court, under the circumstances, required the trial to proceed and the appellant remained in attendance throughout the argument. No exception was taken to this ruling, and there was no abuse of discretion in it.

Appellant also presented in his brief an assignment of error based upon a denial of his motion for continuance some three weeks before the trial, but properly conceded on the argument that this court could not review the order because the matter was not

included in a bill of exceptions. Beach v. U. S. (C. C. A.) 35 F.(2d) 837, 839. Moreover, it appears from the affidavit which appellant has printed in the transcript that his claim of ill health was controverted by affidavits, and a ruling on that conflict adverse to the appellant cannot be reviewed.

Judgment affirmed.