## MARY ANN HOY *vs.* PETER MORRIS.

A third person who overhears a confidential communication between an attorney and his client may testify of it.

ACTION OF TORT for breach of promise of marriage. The answer denied the promise. Trial in the court of common pleas at December term 1858, before *Mellen*, C. J., who signed this bill of exceptions :

" The plaintiff, to prove the promise, offered to show by one Thomas Aldrich, that said Aldrich was at the office of P. P. Todd, then and now one of the defendant's attorneys, about the time of the date of the writ, and soon after the defendant had been married ; that the defendant and Robert Furgerson came into the office, and the defendant told said Todd, in the presence and hearing of said Aldrich, that he wanted to see him on private business, and they (said Todd, the defendant and Furgerson) went out of the office, closed the door, and stood outside and near one of the office windows which was closed ; that said Aldrich was sitting down by the window and inside of the office to do some writing, and, while there, heard the defendant tell said Todd, his counsel, that he had some real estate in Mendon, which he wanted to convey to said Furgerson, and that he was afraid a girl would sue him for breach of a promise of marriage.

" To the admission of which the defendant's counsel objected, on the ground that the communication thus made to said Todd, his counsel, was a privileged communication, to which said Aldrich, being in the office under such circumstances, could not by law testify. But the presiding judge admitted the testimony. The jury found a verdict for the plaintiff. To which admission the defendant excepts."

*P. C. Bacon & P. P. Todd,* for the defendant. The communication in this case was made by the defendant to his counsel, as such, for the purpose of professional aid and advice, and was intended to be private and confidential, and he and his counsel

took all reasonable and proper means to secure its being made under obliga‡ions of professional secrecy. *Foster* v. *Hall*, 12 Pick. 93, 99. Communications of this character have always been held by courts to be privileged, and can never be divulged without the consent of the client — it being the privilege of the client and not of the attorney. 2 Stark. Ev. (4th Amer. ed.) 395. 16 Jurist, 30, 41–46. 1 Greenl. Ev. §§ 237, 239–240. 1 Phil. & Amos on Ev. 165–166. *Barnes* v. *Harris*, 7 Cush. 576. *March* v. *Ludlum*, 3 Sandf. Ch. 35. *Gainsford* v. *Grammar*, 2 Campb. 9. *Rex* v. *Withers*, 2 Campb. 579. *Turquand* v. *Knight*, 2 M. & W. 100. *Petrie's case*, cited in 4 T. R. 759. As the attorney and his clerks and agents are forbidden to disclose them, so should they be protected, though a stranger intentionally excluded from the presence of the parties accidentally overhears them. *Jardine* v. *Sheridan*, 2 Car. & K. 24. *DuBarré* v. *Livette*, Peake R. 78. *Bean* v. *Quimby*, 5 N. H. 94.

*D. Foster & F. Deane*, for the plaintiff.

MERRICK, J. Some question was made at the argument, whether the conversation, of which evidence was given at the trial in the testimony of Aldrich, was not one of such character, and having reference to such objects or purposes, that Mr. Todd, the attorney, would not, if he had himself been called as a witness, have been compelled to disclose it. In the case of *Hatton* v. *Robinson*, 14 Pick. 416, which in some respects much resembles the present, it was held, that communications made to an attorney at law, by a party who applied to him to make a conveyance or mortgage of his personal property for the purpose of preventing it from being attached by a portion of his creditors, were competent and admissible evidence. And in the case of *Broad* v. *Pitt*, 3 Car. & P. 519, Best, C. J. said : " A man is not acting as an attorney, when he is consulted about a deed ; and I cannot distinguish his situation from that of any other man " But without looking at this distinction, and assuming that the interview between Mr. Todd and the defendant was strictly of a privileged character, and that all the communications of the latter during its continuance were made by him as a client to his counsel and professional adviser, still the testimony of the

witness Aldrich was admissible, and was properly allowed to be used before the jury.

The privilege of exemption from testifying to facts actually known is extended only to an attorney or legal adviser who derives his knowledge from the communications of a client who applies and makes disclosures to him in his professional character, and to those other persons whose intervention is strictly necessary to enable the parties to communicate with each other. This is the rule which was laid down by the court in the case of *Hatton* v. *Robinson*, before cited; and which seems uniformly to have been recognized as a correct statement of the law upon this subject. *Doe* v. *Jauncey*, 8 Car. & P. 99. *Bramwell* v. *Lucas*, 2 B. & C. 745. *Barnes* v. *Harris*, 7 Cush. 576. Applying this rule to the facts in the present case, the conclusion is inevitable that the statement of Morris to his counsel Mr. Todd was overheard and became known to Aldrich under circumstances which entitled the plaintiff to the benefit of his testimony concerning it. Aldrich was not an attorney, nor in any way connected with Mr. Todd; and certainly in no situation where he was either necessary or useful to the parties to enable them to understand each other. On the contrary, he was a mere bystander, and casually overheard conversation not addressed to him nor intended for his ear, but which the client and attorney meant to have respected as private and confidential. Mr. Todd could not lawfully have revealed it. But, in consequence of a want of proper precaution, the communications between him and his client were overheard by a mere stranger. As the latter stood in no relation of confidence to either of the parties, he was clearly not within the rule of exemption from giving testimony; and he might therefore, when summoned as a witness, be compelled to testify to what he overheard, so far as it was pertinent to the subject matter of inquiry upon the trial this is all that was allowed by the court.

*Exceptions overruled.*