## E. W. SCHWARTZ v. FLORENCE WENGER.

124 N. W. (2d) 489.

November 15, 1963—No. 38,883.

*F. Gordon Wright,* for appellant.
*Murnane, Murnane, Battis & deLambert,* for respondent.

OTIS, JUSTICE.

This is a personal injury action arising out of an automobile collision which occurred on April 10, 1960, in the city of St. Paul. The jury awarded defendant damages on her counterclaim. Plaintiff appeals from an order denying his motion for judgment n.o.v. and a new trial.

Plaintiff was asked on direct examination if he knew what income he had lost during his disability. An objection that the question called for speculation was sustained. Thereupon counsel inquired about plaintiff's customary business income, to which defendant objected on the ground it was not the best evidence. The court asked the plaintiff if he had any books and records. Plaintiff replied that he had income tax returns. The objection to oral testimony was then sustained on the grounds the question called for a conclusion.

Since plaintiff thereafter produced and offered in evidence an account book showing the receipts and disbursements in his business, we need not decide whether it was error to foreclose oral testimony where there was no showing at the time of the ruling that business records in fact existed.[1]

Toward the end of the trial defendant was asked whether she had overheard a conversation which took place the previous day between plaintiff and his attorney in the public corridor of the courthouse. Plaintiff promptly invoked the attorney-client privilege but was overruled. Defendant proceeded to testify that plaintiff had advised his attorney that "he didn't have any books in a small business." When defendant left the stand the following colloquy occurred:

"Mr. Wright [plaintiff's attorney]: If the Court please, I ask the privilege of being sworn to testify.

\* \* \* \* \*

"\* \* \* I propose to ask myself questions.

"Mr. deLambert [defendant's attorney]: I will object to any such questions on the ground it is completely unethical, but if he wishes to do so—

"Mr. Wright: I think the question of ethics was bringing me into the case quoting me.

"The Court: *Counsel, I want to say the canons of ethics of the American Bar Association do not countenance an advocate testifying.* If you want to go ahead, go ahead.

---

[1]Guin v. Mastrud, 206 Minn. 382, 385, 288 N. W. 716, 718.

"Mr. Wright: Do you mean, Your Honor, that it will be unethical for me to testify, if that is what you mean—

"The Court: I am not saying anything at all, I am calling it to your attention; but go ahead and do as you like." (Italics supplied.)

Counsel then testified that what his client had actually said in defendant's presence was that he had no invoices and that he had then directed plaintiff to produce his books.

Plaintiff assigns as error the court's ruling rejecting the attorney-client privilege. In addition, in his motion for a new trial and in his brief and oral argument, plaintiff claims it was prejudicial error to disparage and reprove counsel in the presence of the jury.

■ Our statute governing the attorney-client privilege[2] has been construed to limit its application to *confidential* communications. In this connection we have cited with approval A. L. I., Model Code of Evidence, Rule 209(d),[3] which provides as follows:

" '[C]onfidential communication between client and lawyer' means information transmitted by a voluntary act of disclosure between a client and his lawyer in confidence and by a means which, so far as the client is aware, discloses the information to no third persons other than those reasonably necessary for the transmission of the information or the accomplishment of the purpose for which it was transmitted."[4]

Wigmore has supported the rule permitting eavesdroppers to testify, with these observations:[5]

"* * * Since the means of preserving secrecy of communication are largely in the client's hands and since the privilege is a derogation from

---

[2]Minn. St. 595.02(2): "An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him or his advice given thereon in the course of professional duty; nor can any employee of such attorney be examined as to such communication or advice, without the client's consent."

[3]Brown v. St. Paul City Ry. Co. 241 Minn. 15, 34, 62 N. W. (2d) 688, 700, 44 A. L. R. (2d) 535.

[4]Contra, Uniform Rules of Evidence, Rule 26(1) (c), 9A U. L. A.

[5]8 Wigmore, Evidence (McNaughton Rev. 1961) § 2326.

the general testimonial duty and should be strictly construed, it would be improper to extend its prohibition to third persons who obtain knowledge of the communications. One who overhears the communication, whether with or without the client's knowledge, is not within the protection of the privilege."[6]

This court has noted that communications between attorney and client in the presence of the opposing party are not privileged,[7] but we have not heretofore passed on the admissibility of communications overheard by eavesdropping. We are of the opinion that where the attorney and client have chosen a public place in which to discuss matters pertaining to their professional relationship, and a third person overhears their conversation without resorting to surreptitious methods, they are deemed to have waived the privilege they might otherwise have enjoyed in so far as the testimony of the third person is concerned.[8] Accordingly, we hold it was proper for defendant to give her version of what plaintiff stated to his attorney in the courthouse corridors.

It is the general rule that a lawyer may not testify in litigation in which he is an advocate unless circumstances arise which could not be anticipated and it is necessary to prevent a miscarriage of justice.[9]

---

[6]According to Morgan, Basic Problems of Evidence, p. 117, "Both Wigmore and the American Law Institute Model Code agree that the privilege does not extend to an eavesdropper who overhears a communication between lawyer and client. The risk is upon the client to see to it that the conditions of the consultation are appropriate to insure secrecy. The judicial decisions, which are few, generally agree."

[7]Knox v. Knox, 222 Minn. 477, 485, 25 N. W. (2d) 225, 230.

[8]Hoy v. Morris, 79 Mass. (13 Gray) 519, 521, 74 Am. D. 650, 651; State v. Perry, 4 Idaho 224, 236, 38 P. 655, 659; State v. Falsetta, 43 Wash. 159, 162, 86 P. 168, 169. See, Lanza v. New York State Joint Legis. Comm. 3 N. Y. (2d) 92, 97, 143 N. E. (2d) 772, 775; Comment, 27 Ford L. Rev. 390.

[9]Ferraro v. Taylor, 197 Minn. 5, 12, 265 N. W. 829, 833; In re Estate of Stephens, 207 Minn. 597, 603, 293 N. W. 90, 93; In re Estate of Cunningham, 219 Minn. 80, 85, 17 N. W. (2d) 85, 88; State v. Garden, 267 Minn. 97, 125 N. W. (2d) 591.

Canon 19, Canons of Professional Ethics of the American Bar Association, adopted by this court May 2, 1955, (241 Minn. xvii) provides: "When a lawyer is a witness for his client, except as to merely formal matters, such as

In those rare cases where the testimony of an attorney is needed to protect his client's interests, it is not only proper but mandatory that it be forthcoming.[10] This is such a case. Certainly plaintiff's attorney could not have predicted before trial this unusual turn of events. His failure to take the stand might well have been construed by the jury as a tacit admission, and it was to avoid this inference that he was obliged to act.[11]

Having now been alerted to the probability of his being a necessary witness at the next trial, however, it is incumbent on counsel to withdraw as plaintiff's attorney so that a substitution may be secured.

■ As we view the matter, it was the court's duty either to find counsel's proposal improper and sustain objection to his testifying, or to determine there was no ethical impediment and grant him permission to be heard. In either event the decision should have been reached in chambers, outside the hearing of the jury.[12] We have suggested that because of the unusual prestige which the trial court enjoys in the eyes of the public, jurors are susceptible to the influence of unguarded comments which may reveal the judge's personal attitude toward the litigation or the parties.[13] Consequently, in presiding over

---

the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in Court in behalf of his client."

[10]Hagerty v. Radle, 228 Minn. 487, 506, 37 N. W. (2d) 819, 830; Caron v. Farmers Ins. Exch. 252 Minn. 247, 259, 90 N. W. (2d) 86, 94.

[11]The general rule regarding absent witnesses is stated in Connolly v. The Nicollet Hotel, 258 Minn. 405, 417, 104 N. W. (2d) 721, 730.

This is unlike the situation in Meagher v. Kavli, 256 Minn. 54, 61, 97 N. W. (2d) 370, 375, where a protective charge would suffice.

[12]Rule 33, District Court Rules for Uniform Decorum, Minn. St. 1961, p. 4942, provides: "The judge shall exercise extreme care so as not to say anything before the jury or parties to an action that is critical of a lawyer or that may be embarrassing to him before his client or the jury. It is always well for the judge to remember that the lawyer is also an officer of the court. If the judge has a suggestion to make to the lawyer of a critical nature, he may call a recess or call the lawyer to the bench and speak to him in an undertone not audible to the jury."

[13]I. J. Bartlett Co. v. Ness, 156 Minn. 407, 412, 195 N. W. 39, 41; Hansen

jury trials courts have an obligation to exhibit extraordinary patience and restraint to avoid indicating either hostility or partiality. It is inevitable that remarks reflecting on counsel's professional conduct, whether deserved or undeserved, have a strong tendency to prejudice his client's cause. Therefore, except where the orderly progress of the trial requires that an attorney be reproved or disciplined in open court, that process should be reserved for an in camera hearing.

For the reasons stated we are of the opinion plaintiff is entitled to a new trial, and the order appealed from is reversed.

Reversed.

v. St. Paul City Ry. Co. 231 Minn. 354, 360, 43 N. W. (2d) 260, 264. See, also, State v. Jensen, 151 Minn. 174, 178, 186 N. W. 581, 583; Taylor v. Taylor, 177 Minn. 428, 433, 225 N. W. 287, 289; Wentz v. Guaranteed Sand & Gravel Co. 205 Minn. 611, 616, 287 N. W. 113, 115; Kraft v. United States (8 Cir.) 238 F. (2d) 794, 800; Annotation, 62 A. L. R. (2d) 220, 258.