472 So.2d 1350 (1985)
Barney Dale WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2523.
District Court of Appeal of Florida, Second District.
July 24, 1985.
*1351 Peter D. Ringsmuth of Smith & Ringsmuth, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Barney Dale Williams, appeals the judgment and sentence entered pursuant to a jury verdict finding him guilty of trafficking in cannabis. We reverse and remand because the trial court erred in restricting appellant's right to cross-examine a crucial state witness.
On February 20, 1984, Sgt. James Minick of the Lee County Sheriff's Department made a telephone call to appellant's residence. Without identifying himself, Sgt. Minick stated to the male who answered the telephone that he had to talk to the appellant and that "they just got me and my stuff with a search warrant. I overheard them saying they were coming to your house next. Get rid of your stuff."
After the call ended, another deputy who had been stationed near the appellant's home observed a man exit the residence and begin to place items in the back of a *1352 truck. The truck was eventually driven across the road in front of the appellant's home and backed into a wooded area. A man very similar to the appellant then returned from the truck to the residence. More than 100 pounds of marijuana and a duffel bag containing certain other items, one of which bore appellant's fingerprint, were subsequently discovered in the truck.
At trial, Russell Dwayne Goff, a state witness, testified on direct examination that appellant purchased a truck from him shortly after this incident. Mr. Goff testified that appellant stated he had moved his own truck into a wooded area after receiving a phone call from the police and that the truck had been confiscated. During cross-examination, the defense attempted to ask Mr. Goff whether he had, on a prior occasion, made a statement inconsistent with this testimony. The court sustained the state's objection to this line of questioning, explaining that a witness could not be impeached by an oral statement.
Appellant's attorney made a proffer that six days before trial, while concluding arrangements to take Mr. Goff's deposition, Mr. Goff told him that other than the sale of the truck to the appellant, he did not know anything about this case or the appellant's involvement in it. The attorney proffered that he desired to describe the circumstances under which that statement had been made and then to ask Mr. Goff whether he had made the statement.
The trial court erred in refusing to allow appellant to cross-examine Mr. Goff regarding this prior inconsistent statement. A party may attack the credibility of a witness, other than his own witness, by introducing statements of the witness that are inconsistent with his present testimony. § 90.608(1)(a), Fla. Stat. (1983). The prior inconsistent statement may be oral and unsworn and may be drawn out on cross-examination of the witness himself and, if on cross-examination the witness denies, or fails to remember, making such a statement, the fact that the statement was made may be proved by another witness. United States v. Sisto, 534 F.2d 616 (5th Cir.1976); see § 90.614(2), Fla. Stat. (1983).
As the only witness who could provide direct evidence that appellant was in actual possession of the truck, Mr. Goff was a key state witness. It is error to limit the scope of cross-examination in a manner that keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony, especially where the cross-examination is directed to a key state witness. Williams v. State, 386 So.2d 25 (Fla. 2d DCA 1980); Stradtman v. State, 334 So.2d 100 (Fla. 3d DCA 1976), aff'd, 346 So.2d 67 (Fla. 1977). Whenever a witness takes the stand he places his credibility in issue, and under the circumstances of this case, Mr. Goff's credibility was a crucial issue. The court, therefore, should have given the appellant broad latitude in cross-examination of Mr. Goff in order to test his perception and memory and, if possible, to impeach him. Mendez v. State, 412 So.2d 965 (Fla. 2d DCA 1982).
The state asserts that appellant's defense attorney was properly prevented from questioning Mr. Goff because it would have been unethical for the attorney to give testimony concerning the witness' prior inconsistent statement. We disagree. If Mr. Goff, upon cross-examination, were to have admitted making a prior inconsistent statement, the need for defense counsel to consider testifying, and therefore the ethical question, would not have even arisen. See Brumbley v. State, 453 So.2d 381 (Fla. 1984). Furthermore, although as a general rule a lawyer should not testify in litigation in which he is an advocate, he may do so where unanticipated circumstances arise and when it is necessary to prevent a miscarriage of justice. Schwartz v. Wenger, 267 Minn. 40, 124 N.W.2d 489 (1963). In those rare cases where the testimony of an attorney is needed to protect his client's interests, it is not only proper but mandatory that such testimony be forthcoming. Schwartz.
Where the ethical impediment cannot be overcome by a proper showing of *1353 unanticipated circumstances, the remedy is to exclude the attorney as a lawyer in the cause, not to exclude him as a witness. Justice is what is sought in the courts; another forum exists to deal with ethical violations. Davison v. First Federal Savings & Loan Assoc., 413 So.2d 1258, 1259 n. 1 (Fla. 5th DCA 1982).
Accordingly, because the appellant was denied his right to adequately confront and cross-examine the witnesses against him, the trial court erred, and we must reverse and remand for a new trial. Coxwell v. State, 361 So.2d 148 (Fla. 1978).
Reversed and remanded.
CAMPBELL, A.C.J., and LEHAN, J., concur.