502 So.2d 1364 (1987)
Willie Benjamin CALHOUN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2037.
District Court of Appeal of Florida, Second District.
February 27, 1987.
*1365 James Marion Moorman, Public Defender, and Joseph Eugene Perrin and Robert F. Moeller, Asst. Public Defenders, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his convictions and sentences for disorderly conduct, resisting an officer with force, and battery on a law enforcement officer. We affirm the convictions and affirm the sentences, except for the imposition of court costs.
As his first point on appeal defendant contends that the trial court erred in ruling that defendant could not impeach the testimony of one of the state's witnesses. That witness, Deputy Manger, was asked on cross-examination if she had ever stated that she had a reputation for being an aggressive female officer. The deputy replied that she could not recall ever making that statement. The defense called as a witness defendant's former attorney to testify that he had heard Deputy Manger make such a statement. However, the trial court ruled that the defense could not in that manner impeach the deputy's testimony. We agree with the trial court. No inconsistent prior statement of the deputy is shown to have been made justifying application of section 90.608(1)(a), Florida Statutes (1985), of the evidence code.
The defendant cites Williams v. State, 472 So.2d 1350, 1352 (Fla. 2d DCA 1985), to support his contention. However, Williams stands for the proposition that if a witness makes a statement which is inconsistent with a prior statement and then cannot recall making the prior statement, the fact that the prior statement was made can be proved by the testimony of another witness. In contrast, in this case Deputy Manger made no statement inconsistent with her alleged prior statement. She merely could not recall making the statement.
Because we have held that there was no error in the ruling that the testimony of defendant's former attorney was not admissible, we need not reach defendant's additional argument under his first point that the trial court erred in ruling that the testimony would have waived the attorney-client privilege.
As his second point on appeal, the defendant contends that because he is indigent it was error to impose costs and attorney's fees without notice and an opportunity to object pursuant to Jenkins v. State, 444 So.2d 947 (Fla. 1984). We agree. We note that defendant's affidavit of indigency did not waive notice or a hearing. This portion of defendant's sentence is reversed and remanded for proceedings consistent with Jenkins.
Defendant's convictions are affirmed, and his sentence is reversed with respect to *1366 costs and attorney's fees and remanded for proceedings consistent with this opinion.
RYDER, A.C.J., and CAMPBELL, J., concur.