GODERICH, Judge.
In his pretrial deposition, William Cure testified that he identified the defendant as one of the four men in the Winn Dixie store, but that he did not see him actively participating in the robbery or holding a gun. At trial, however, William Cure changed his testimony and claimed that the defendant was directly involved in the robbery by holding a gun and ordering everybody to the ground.
The jury found the defendant guilty of aggravated battery with a firearm and of four counts of robbery with a firearm. The trial court adjudicated the defendant accordingly and sentenced him. The defendant appeals his conviction.
The defendant contends that the trial court erred in refusing to allow into evidence a portion of a pretrial deposition as a prior inconsistent statement to impeach William Cure, the key prosecution witness, on critical testimony. We agree.
Section 90.614(2), Florida Statutes (1991), provides:
Extrinsic evidence of a prior inconsistent statement by a witness is inadmissible unless the witness is first afforded an opportunity to explain or deny the prior statement and the opposing party is afforded an opportunity to interrogate him on it, or the interests of justice otherwise require. If a witness denies making or does not distinctly admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible.
During cross-examination, William Cure testified that he did not remember the questions he was asked nor the answers he gave during his deposition. He did not distinctly admit to making the prior inconsistent statement. Accordingly, under section 90.614(2), extrinsic evidence of this statement, which is contained in the transcript of the deposition testimony, is admissible. We find that the defendant should have been allowed to offer the inconsistent portions of William Cure’s deposition into evidence.
We cannot agree with the state’s contention that the error was harmless where William Cure was the only witness to claim that the defendant was directly involved in the robbery and holding a gun. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Arthiee People, the general merchandise manager, testified that she saw four men wearing heavy coats in the store. She identified the defendant as being one of the men in the store. Trevor Flowers also saw four men enter the store wearing big jackets. He never saw the defendant with a gun and never saw him rob anyone. He added that the defendant was a regular customer of the store and would not rob it. Because the testimony of William Cure was critical to the state’s case, any attack on his credibility could have affected the verdict, and thus the error must be considered harmful. McArthur v. Cook, 99 So.2d 565 (Fla.1957); Fogel v. Mirmelli, 413 So.2d 1204 (Fla. 3d DCA 1982).
Based on the foregoing, we reverse the defendant’s conviction and remand this case for a new trial.