VOLTERRA, J.
Background
Defendant has been indicted for Assault by Means of a Dangerous Weapon. Defendant seeks to suppress certain incriminating Magistrate’s office of the Dor-chester Division, District Court Department. Defendant alleges that he was seeking legal advice from Attorney Carter about his criminal case, and that his statements to Carter were privileged pursuant to the attorney-client privilege, and may not be divulged by Assistant Attorney General Neil Tassel, who overheard the statements by eavesdropping on the conversation. The Commonwealth asserts that the statements were overheard by Tassel in a public area by happenstance, and as the statement was disclosed to a third person (i.e. Tassel), the attorney-client privilege was destroyed.
*612 Discussion
In Massachusetts our law assigns a very high value to the attorney-client privilege. Paul J. Liacos, (rev. by Mark S. Brodin & Michael Avery), Handbook of Massachusetts Evidence, §13.4.1, at 726, (6th ed. 1994). It is not necessary that a fee be paid by the client or that the attorney be actually retained for the privilege to attach. The privilege may extend to preliminary communications looking toward representation even if representation is never undertaken, citing, Commonwealth v. O’Brien, 377 Mass 772, 775-76 (1979). Liacos, supra at §13.4.2, p. 727. Disclosure of the communication to a third person destroys the privilege citing Drew v. Drew, 250. Mass. 41, 44-45 (1924). Liacos, supra at §13.4.5, p. 731.
In this case the defendant had gone to the clerk’s office of the Dorchester Court to arrange to bail out a friend, Tony Turner. It was 2:30 p.m. There were a number of people milling about the public area of the clerk’s office. The defendant saw Attorney Carter in the office. Defendant approached Carter to talk to him. Carter directed the defendant to stand by a bench where the public may sit while waiting in the office. Carter had previously represented the defendant, and he was at the office for the purpose of representing Turner. Carter invited the defendant to speak with him. The defendant then backed up to the counter in the office and began to speak to Carter who was facing him. As Carter and the defendant began to communicate with each other in barely audible tones, Assistant Attorney General Neil Tassel came within earshot of the attorney-client discussion between the defendant and Carter. Although Carter and the defendant were speaking to each other in very low tones, AAG Tassel was able to overhear incriminating statements by the defendant admitting he had assaulted the complaining witness in this indictment. Carter is a middle-aged white male who was dressed professionally in a suit and tie. The defendant is black.
I rule that the conversation between Carter and the defendant was an attorney-client communication. Under normal circumstances the communication is privileged and could not be disclosed. However, the defendant chose to seek Carter’s legal advice in a public room where there was no expectation of privacy. The defendant chose to speak in an area where he was within earshot of any number of persons who chose to come near him. The defendant made no attempt to seek or request an area of privacy. The defendant’s statements were made voluntarily, heard by a third party and they are admissible. Commonwealth v. Tracy, 27 Mass.App.Ct. 455, 457 (1989), citing Commonwealth v. Signorine, 404, 409 (1989).
The defendant has the burden of demonstrating that society would recognize that he had a subjective expectation of privacy from government intrusion at the location where the privileged communication took place. Commonwealth v. Montanez, 410 Mass. 290, 301 (1991). No person could expect that a clerk’s office in a busy urban court, with many members of the public, police officers, news reporters and lawyers milling about to and from a service counter was a zone of privacy which was free of governmental intrusion or eavesdroppers. When a privileged conversation, for want of proper precaution, is overheard by a stranger, who stands in no relation of confidence, to either the attorney or the client, such a person is not within the rule of exemption from giving testimony; and he is therefore, when summonsed as a witness, obliged to testify to what he overheard, so far as it was pertinent to the subject matter of inquiry upon the trial. Hoy v. Morris, 79 Mass. 519, 521 (1859). The defendant’s admission against penal interest overheard by a Commonwealth prosecutor at a counter in a courthouse is pertinent and admissible in evidence at the defendant’s trial.
ORDER
For the foregoing considerations, the Defendant’s Motion to Suppress is DENIED.