PER CURIAM.
This is an appeal from a conviction for grand theft. Appellant raises issues concerning the sufficiency of the evidence to support the conviction; the limitation of cross-examination of a key state witness; and the amount of restitution ordered.[1] The evidence was legally sufficient to support the conviction, and we affirm as to that issue. However, we believe the trial court erred reversibly in limiting defense cross-examination of a key state witness, and that the error was not harmless in this case; therefore, we reverse and remand for a new trial.[2]
During cross-examination of Tomlin-son, a key witness who provided crucial eyewitness testimony in support of the grand theft conviction, defense counsel attempted to use the transcript of a statement taken by investigator Barry to impeach Tomlinson’s credibility. The state, which had provided the transcript to the defense, objected to the use of the transcription rather than the tape recording itself, which the state had not provided to the defense before trial, and the defense, therefore, did not have in its possession. The trial court ruled that the defense could not use the transcribed statement, but had to use the tape recorded version.[3] Further, when defense counsel later attempted to impeach Tomlinson as to his critical statement by questioning Barry as to the statement he had taken, the trial court ruled that, consistent with the earlier ruling on use of the tape recording, he could not do so.
The state has provided no authority to support the ruling that defense counsel had to use the tape recorded version of the statement. “Prior inconsistent statements may be used to impeach a witness’s trial testimony.” See Jones v. State, 580 So.2d 143 (Fla.1991), citing Taylor v. State, 139 Fla. 542, 190 So. 691 (1939). Section 90.608(l)(a), Florida Statutes. See also Williams v. State, 472 So.2d 1350 (Fla. 2d DCA 1985). The error was not harmless because Tomlinson’s credibility, particularly with regard to the statement that was the subject of the effort to impeach with a prior inconsistent statement, was critical to the state’s case against appellant. Thus, we are unable to say beyond a reasonable doubt that it did not affect the verdict.
REVERSED and REMANDED for a new trial.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.

. It is urmecessaiy to rule on the restitution issue.

. We believe defense counsel adequately preserved this issue for review. Defense counsel’s objections and extensive argument at trial allowed the trial court to make an informed ruling, and the record on appeal is such that this court is not required to speculate on the nature or significance of the conflict between Tomlinson’s prior statement to Barry and Tomlinson's trial testimony.

.There is no dispute over the accuracy of the transcription.