GROSS, J.
We write primarily to address one issue — whether a witness’s trial testimony may be impeached by the introduction of a prior inconsistent statement when the witness says that he does not remember the earlier statement. By claiming such a lack of memory, the witness does not “distinctly admit” the prior inconsistent statement within the meaning of section 90.614(2), Florida Statutes (2009), so that extrinsic evidence of the statement is admissible as impeachment.
Rene Rodriguez, his girlfriend, the victim, and others were playing cards at night in Rodriguez’s apartment. A fight started between Rodriguez and his girlfriend. Rodriguez and the girlfriend left the apartment and were followed a few minutes later by the victim. Shortly thereafter, several witnesses saw a bald man in a white shirt with tattoos either shoot the victim or leave the scene with a gun just after the shooting. Not long after the shooting, Rodriguez was caught nearby after he ran when officers told him to “freeze.” Rodriguez threw a gun away as he ran. Although he was not wearing a shirt when apprehended, a white shirt was found in the area where he had been. At a show up near the scene of the arrest, two witnesses to the shooting identified Rodriguez as the shooter.
In the corridor near Rodriguez’s apartment, the police found a box of bullet casings and five casings of the same caliber with markings unique to the pistol that Rodriguez had discarded. The victim’s nephew testified that he had seen Rodriguez remove casings from the gun and throw them down.
Due to concerns over Rodriguez’s mental status, a police officer took him to the hospital. On the ride, Rodriguez screamed, “I shot that guy. I killed him.” He turned to the officer and calmly asked, “[D]id I kill him?”
At trial, the victim testified by deposition. He said that after Rodriguez and the girlfriend left the card game, he had heard a commotion in Rodriguez’s bedroom and saw the girlfriend come out with blood on her face followed by Rodriguez who was carrying a revolver. The victim went after him and tried to convince Rodriguez not to do something stupid; he urged him to go back inside and put the gun away. As he stood facing Rodriguez, Rodriguez shot him in the stomach.
On cross examination, the victim agreed that he had memory problems and that he did not remember telling a detective that he did not know who shot him. He insisted that he remembered the incident clearly and answered, “Yes,” when asked if he remembered “Mr. Rodriguez shooting you.”
On recross examination, the victim again said he did not remember ever talking with a detective in the hospital.
The jury found Rodriguez guilty of the (1) lesser included offense of attempted second degree murder with specific findings that he actually possessed and discharged a firearm and that he had inflicted great bodily harm, (2) possession of a fire *1135 arm by a convicted felon, and (3) possession of cocaine.
Rodriguez argues that the trial court erred when it did not allow him to impeach the victim by presenting the testimony of Detective Harvey that after the shooting the victim said he did not know who shot him.
Detective Harvey interviewed the victim in the hospital a few weeks after the shooting and two years before the victim’s deposition. He testified that the victim was groggy and heavily sedated. He took a very short statement. Rodriguez asked Detective Harvey what the victim said to him at the hospital to establish that the victim had given a prior inconsistent statement. The state objected that impeachment by prior inconsistent statement was improper because the victim did not remember talking to the detective in the hospital. The trial court sustained the objection. Rodriguez proffered Detective Hardy’s testimony that the victim said that he did not know who shot him and did not remember if he was with anyone at the time of the shooting.
The trial court erred by refusing to allow Detective Harvey to testify that the victim said in the hospital that he did not know who shot him; that statement was admissible as a prior inconsistent statement under section 90.608(1), Florida Statutes (2008). If the earlier statement is inconsistent with a witness’s in-court testimony, the law does not require the witness to remember the earlier statement for extrinsic evidence of it to be admissible as impeachment.
The Supreme Court described the operation of a section 90.608(1) prior inconsistent statement in Pearce v. State, 880 So.2d 561 (Fla.2004):
The theory of admissibility is not that the prior statement is true and the in-court testimony is false, but that because the witness has not told the truth in one of the statements, the jury should disbelieve both statements. To be inconsistent, a prior statement must either directly contradict or be materially different from the expected testimony at trial. The inconsistency must involve a material, significant fact rather than mere details.
Id. at 569 (Internal citation omitted). Here, the victim’s hospital statement directly contradicted his trial testimony that Rodriguez shot him, so it was “inconsistent” within the meaning of section 90.608(1).
Next, the defense satisfied the requirement of section 90.614(2), Florida Statutes (2008) by directing the victim’s attention to the time, place, and circumstances of the earlier statement. Section 90.614(2) provides in pertinent part:
Extrinsic evidence of a prior inconsistent statement by a witness is inadmissible unless the witness is first afforded an opportunity to explain or deny the prior statement and the opposing party is afforded an opportunity to interrogate the witness on it, or the interests of justice otherwise require. If a witness denies making or does not distinctly admit making the prior inconsistent statement, extrinsic evidence of such statement is admissible.
When a witness at trial does not remember the earlier “inconsistent” statement, the witness does not “distinctly admit making” the statement under section 90.614(2). See Pearce, 880 So.2d at 568, 570. In Pearce, a witness did not “recall” or “remember” telling a detective a material fact that contradicted the witness’s in-court testimony. Id. at 569. The Supreme Court held that the witness’s lack of memory meant that the witness did “not distinctly admit making the prior inconsistent statement” under section 90.614(2), so that “the trial court erred by not permitting *1136 defense counsel to admit extrinsic evidence,” a videotape of the witness’s prior statement. Id. at 570.
This case also resembles Pugh v. State, 637 So.2d 313 (Fla. 3d DCA 1994). There, a witness testified in deposition that the defendant was not an active participant in the robbery; at trial, the witness changed his testimony and said that the defendant “was directly involved in the robbery by holding a gun and ordering everybody to the ground.” Id. at 314. The defendant tried to impeach the witness with the prior inconsistent statement, but the witness did not remember the deposition questions and answers and the trial court refused to allow the impeachment. Id. The third district held that the witness’s failure to remember the deposition testimony meant that he did not “distinctly admit making” the prior statement under section 90.614(2), so that the deposition testimony was admissible extrinsic evidence of impeachment as a prior inconsistent statement. Id.; see C. Ehrhardt, Florida Evidence §§ 608.4, 614.1 (2006 ed.) (observing that “[e]vidence of a prior impeaching statement may be introduced when a witness claims an inability to remember whether he or she made the prior statement”).[1]
Confusion often arises in this area due to a different but related fact pattern — where a witness does not remember an earlier statement to the police, but does not give testimony inconsistent with it at trial. For example, if the crucial issue in a case is whether a traffic light was red, and at trial the witness cannot remember either the color of the light or the contents of an earlier statement, the witness cannot be impeached by a prior inconsistent statement that the light was red. The prior statement cannot be introduced “to fill the void of an absence of recollection.” Laur v. State, 781 So.2d 452, 454 (Fla. 4th DCA 2001).
This is one holding of Brooks v. State, 918 So.2d 181 (Fla.2005), upon which the state relies. In that case, a defense witness testified that the defendant came to her apartment clothed in black nylon pants and used the bathroom. She said nothing about what the defendant wore when he exited the bathroom. The prosecutor asked her if she remembered telling a police officer that the defendant came out of the bathroom wearing shorts; she answered, “No, I don’t remember.” Id. at 200. Over objection, the state called the police officer to testify about his earlier interview with the witness, including the “portion in which she stated that [the defendant] changed into shorts in the bathroom.” Id. The Supreme Court held that it was error to have permitted such impeachment as a prior inconsistent statement. Id. There was no inconsistency because the trial testimony did not contradict the earlier statement; the witness did not say anything about what the defendant wore when he left the bathroom. To explain its ruling, the Court quoted an Oregon decision:
The controlling issue on appeal is whether it was appropriate to impeach [a witness’] asserted lack of memory by showing substantive statements that she made when her memory was fresh. As a matter of logic, that is not appropriate impeachment by inconsistent statement. The fact that a witness once stated something was true is not logically in *1137 consistent with a subsequent loss of memory. The only thing that is inconsistent with a claimed loss of memory is evidence that suggests that the witness in fact remembers.
Id. (quoting James v. State, 765 So.2d 763, 766 (Fla. 1st DCA 2000) (quoting State v. Staley, 165 Or.App. 395, 995 P.2d 1217, 1220 (2000))). Unlike the situation in Brooks, the victim’s trial testimony in this case identifying the defendant as the shooter was inconsistent with his hospital statement that he did not know who shot him.
Even though it was error to restrict cross examination, such error was harmless; beyond a reasonable doubt it did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The evidence was not significant impeachment of the victim. The victim emphasized that he did not remember anything until he woke up six months after being shot, at which point he knew it was Rodriguez who shot him. Detective Harvey’s proffer indicated that the victim was heavily sedated at the hospital when he said he did not know who shot him. More significant is the fact that Rodriguez told an officer that he killed the victim and later asked if he had killed him. The gun used in the shooting was linked to Rodriguez. All six of the eyewitnesses gave similar descriptions of the shooter/man-with-the-gun which matched Rodriguez’s description. The absence of flimsy impeachment testimony did not contribute to the verdict.
We briefly address three other issues. There was no fundamental error in the attempted manslaughter instruction. See Williams v. State, 40 So.3d -72 (Fla. 4th DCA 2010), review granted, 64 So.3d 1262 (Fla. June 7, 2011); but see Burton v. State, — So.3d -, 2011 WL 1326258 (Fla. 5th DCA 2011); Houston v. State, 56 So.3d 908 (Fla. 2d DCA 2011); Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009). The trial court did not abuse its discretion in refusing to suppress the in-court and out of court identifications. See Perez v. State, 648 So.2d 715 (Fla.1995); Adderly v. State, 44 So.3d 167, 169 (Fla. 4th DCA 2010). We find no error in the imposition of three mandatory minimum sentences on the attempted second degree murder. The juiy found that he had actually possessed a firearm pursuant to subsection 775.087(2)(a)1, discharged a firearm pursuant to subsection 775.087(2)(a)2, and inflicted great bodily harm on the victim under section 775.087(2)(a)3. Each subsection carries a separate mandatory minimum sentence. It was the “intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms ... be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted.” § 775.087(2)(d), Fla. Stat. (2009) (Italics supplied).

Affirmed.

HAZOURI and CIKLIN, JJ., concur.

. Professor Ehrhardt notes that a witness’s inability to remember prior statements may prevent a statement from being used to refresh recollection; however, "if the prior statement is offered to impeach, section 90.614 permits proof of the prior inconsistent statement when the witness does not remember making it.” Ehrhardt, Florida Evidence § 608.4 n. 38 (2006 ed.).