68 So.3d 374 (2011)
Dorall Daniel MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D10-636.
District Court of Appeal of Florida, Fifth District.
August 26, 2011.
*375 James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant seeks a new trial based upon the trial court's ruling that precluded him from impeaching the victim with a prior inconsistent statement. The trial court curtailed the impeachment based on the conclusion that the prior inconsistent statement was inadmissible hearsay. We reverse and remand for a new trial.
Appellant was convicted of several charges arising from a drive-by shooting of the victim, who was walking down the street when he was shot in the leg. Although it was dark, the victim said he could see the driver because the window on the driver's side was down. He identified Appellant as the driver, and stated that he had seen a gun in the driver's hand. He could not identify any of the other occupants of the car.
Prior to trial, the victim told the prosecutor that Appellant was not the driver of the suspect vehicle. The prosecutor passed this information on to the defense attorney. During trial, Appellant's counsel asked the victim whether he had told the prosecutor that Appellant was not the driver. The victim said: "I don't recall." Labeling the prosecutor's testimony hearsay, the trial court denied Appellant's request to impeach the victim by calling the prosecutor.
On appeal, the State does not defend the correctness of the trial court's ruling. Indeed, a party may attack a witness's credibility by introducing a prior statement of the witness that is inconsistent with the witness's present testimony. Williams v. State, 472 So.2d 1350, 1352 (Fla. 2d DCA 1985) (citing § 90.608(1)(a), Fla. Stat. (1983)). The prior inconsistent statement may be oral and unsworn. If the witness cannot recall making the prior inconsistent statement, the fact that the statement was made may be proved by another witness. Id. The inconsistent statement is not hearsay, because it is not offered to prove its truth, only to show the inconsistency for impeachment purposes. Although implicitly acknowledging the erroneous nature of the ruling, the State, nevertheless, urges that we affirm because the error is not "cognizable." Specifically, the State asserts that defense counsel failed to make the correct legal argument and never attempted to call the prosecutor or proffer his testimony.
*376 During trial, the prosecutor requested a sidebar regarding the anticipated line of questioning. The following discussion ensued:
PROSECUTOR: If we're going to go down this line of questioning, I want it done outside the presence of the jury.
DEFENSE: I'm using it to impeach on  based on your  you disclosing to me the statements that he made.
PROSECUTOR: Correct. Although it's
. . .
COURT: But it's hearsay and ...
PROSECUTOR: ... and it's hearsay, and I'm not going to agree to it. You'd have to call me as a witness, and I cannot be a witness.
COURT: All right. I guess we'll have to discuss this.
DEFENSE: Well, it's not hearsay. I mean, as to what he said. It's hearsay for me to ask him what was told to him.
PROSECUTOR: Correct.
Thereafter, the trial court excused the jury and a proffer was conducted during which the victim was questioned by counsel and the court. In response to a question from the court, the victim confirmed that Appellant had been driving the car:
COURT: Okay, did you see him [referring to Appellant]?
VICTIM: Yes.
COURT: All right. And do you recall whether he was the driver or the passenger?
VICTIM: Yes. He was the driver.
COURT: He was the driver. Okay. All right.
Defense counsel then interjected that "[the victim] told the State differently, that he was the passenger." Defense counsel then requested the right to question the victim about the inconsistent statement in the presence of the jury. The State agreed that counsel could ask about the purported statement, but argued that counsel could not impeach him if he failed to admit the prior statement. The court agreed with the State, ruling that "you couldn't call the prosecutor because it would be hearsay."
We think the issue was adequately preserved. Counsel argued that he was entitled to inquire about the inconsistent statement to impeach the victim. Although he did not attempt to call the prosecutor during the trial, given the trial court's definitive ruling outside the jury's presence, any such attempt would have been futile and was not necessary to preserve the error. See § 90.104, Fla. Stat. (2010) ("If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal."). Nor do we conclude that the proffer was insufficient. See Holmes v. Bridgestone/Firestone, Inc., 891 So.2d 1188, 1191 n. 1 (Fla. 4th DCA 2005) ("[T]he traditional purpose of a proffer, or offer of proof, is to demonstrate to an appellate court a real error, not an imaginary or speculative one. Although the safest practice would be to proffer the actual evidence, an oral proffer may be sufficient, particularly if there is no dispute as to what the evidence would have been." (citations omitted)); see also Charles W. Ehrhardt, Florida Evidence § 104.3 (2010 ed.) ("an offer may also be made ... by a professional statement by counsel to the court disclosing the answer ..."). The prosecutor confirmed that the conversation occurred and did not refute defense counsel's assertion that the victim had told the prosecutor that Appellant was not the driver. Under these circumstances, it was not necessary to actually call the prosecutor to proffer the proposed testimony.
*377 Although the State does not specifically argue that the error was harmless, it does claim that the ostensible inconsistency was immaterial in that the victim testified that both the driver and passenger were shooting. The fallacy in this claim is that the victim told the police that he could not identify the passenger. Given other inconsistencies in the victim's account of the incident, his description of the driver, and the fact that the State's case was almost entirely based on the victim's eyewitness testimony, we cannot conclude that the error here was harmless.[1]
REVERSED AND REMANDED.
COHEN, J, concurs.
PALMER, J., dissents with opinion.
PALMER, J., dissenting.
I respectfully dissent because, on the state of the instant record, it is impossible to determine whether the trial court's exclusion of the prosecutor's testimony constitutes reversible error.
Although defense counsel proffered the victim's testimony, no proffer was made or requested as to the prosecutor's testimony. Instead, defense counsel simply argued that he was entitled to inquire of the prosecutor about the victim's alleged inconsistent statement. Under these circumstances, we cannot determine what the prosecutor's testimony would have been and whether the trial court's exclusion of such evidence was harmful. See Holmes v. Bridgestone/Firestone, Inc., 891 So.2d 1188, 1191 n. 1 (Fla. 4th DCA 2005).
In my view, the more appropriate disposition in this case would be to affirm the defendant's judgment and sentence, and allow him to file a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of trial counsel. This remedy is appropriate in this circumstance because, in a post-conviction evidentiary proceeding, the trial court would be able to determine whether defense counsel's failure to proffer the prosecutor's testimony was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If so, the trial court then could have granted the defendant a new trial. If not, then an enormous waste of judicial resources would have been avoided.
NOTES
[1] The victim told police that the driver had a "grill," meaning gold capped teeth. He later acknowledged that, although he had known Appellant for many years, he had never known him to have a "grill." The victim also initially told police that he did not know who shot him.