ORFINGER, C.J.,
dissenting.
This case involved a shooting. The victim and Dimitry Thelamour were friends, at least until this incident. They travelled together to a cookout where the victim was shot. After the shooting, the victim passed out and woke up in the hospital. He told the police that Thelamour shot him, but indicated he did not want to press charges against him. However, a few days later, the victim changed his mind when he discovered that his apartment had been burglarized and he suspected that Thelam-our was the perpetrator.
The primary issue in dispute at trial was the shooter’s identity and, more specifically, the victim’s ability to identify the shooter. On cross-examination, the victim denied telling his former roommate, Goodwin Aine, that he did not know who shot him. Defense counsel subsequently called Aine to impeach the victim by testifying that the ■victim told him that he did not know who shot him. However, before the jury could hear that testimony, the State objected, arguing that the victim’s alleged out-of-court statement to Aine was hearsay. De *958 fense counsel responded, asserting that the testimony was not hearsay because it was being used to impeach the victim with a prior inconsistent statement, and was not being offered to prove the truth of the matter asserted. Having considered the matter further, the State withdrew its hearsay objection, conceding that the testimony was admissible under defense counsel’s theory. Nonetheless, the trial court concluded that the testimony was inadmissible hearsay and excluded it. The trial court’s ruling was clear error.
On appeal, the State concedes that the trial court erred in excluding Aine’s impeachment testimony. See Tarner v. State, 938 So.2d 635, 637 (Fla. 5th DCA 2006) (“A statement offered to impeach a witness is not hearsay because it is not offered to prove the truth of the matter asserted. Rather, it is offered to show why the witness is not trustworthy.”). However, the State argues that the error was harmless. Apparently, that view is shared by my colleagues and is one from which I respectfully dissent.
“The [harmless error] test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict.” State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). Applying that test here, I cannot conclude that the improper exclusion of the impeachment testimony was harmless. The only serious dispute in this matter was the identity of the shooter. Only the victim could identify the shooter, and to the extent that the victim’s roommate’s testimony could have impeached him, I believe it was harmful error to exclude it. Finally, I believe this case is indistinguishable from, and controlled by, our recent decision in Marshall v. State, 68 So.3d 374 (Fla. 5th DCA 2011). As a result, I respectfully dissent and would reverse the matter for a new trial.