GROSS, J.
We reverse appellant’s conviction for disorderly conduct because the trial court’s incorrect evidentiary rulings prevented appellant from introducing extrinsic evidence of a prior inconsistent statement of the state’s only witness.
Appellant was convicted of disorderly conduct. The charge arose from fighting in public.[1] The only state witness was the *891 arresting officer. He testified that he saw the fight between appellant and another boy escalate from horseplay to punching each other in earnest; other children crowded around the two boys to watch the fight. The officer separated the two boys and arrested each for disorderly conduct.
In the defense case, appellant testified he did not throw any punches and insisted that he was acting in self defense. Appellant said the other child punched him in the back of the head; when he turned around the officer arrested him and the other child. Defense counsel then called appellant’s mother to impeach the arresting officer’s testimony. Based on a proffer, the mother would have testified that the officer told her that appellant had not been fighting. The trial court sustained the prosecutor’s hearsay objection. This ruling was incorrect; a prior inconsistent statement “is not hearsay, because it is not offered to prove its truth, only to show the inconsistency for impeachment purposes.” Marshall v. State, 68 So.3d 374, 375 (Fla. 5th DCA 2011); see also § 90.801(l)(c), Fla. Stat. (2010) (defining hearsay).
Defense counsel then recalled the arresting officer to question him about the prior inconsistent statement he had made to appellant’s mother. The attorney directed the officer’s attention to the time when appellant was released to the custody of his mother. When the attorney asked the officer if he told the mother “that there was no fight,” the court sustained the prosecutor’s objection to leading questions.[2] The subject matter of the question was proper, since the attorney was trying to lay the foundation for introducing extrinsic evidence of a prior inconsistent statement by giving the officer “an opportunity to explain or deny the prior statement.” § 90.614(2), Fla. Stat. (2010). Without the ability to direct the officer’s attention to a specific statement, the defense attorney was able to elicit only the officer’s statement that he could not recall what he said to appellant’s mother at the time her son was released to her custody.
Having laid the foundation for introducing evidence of a prior inconsistent statement, defense counsel sought to recall appellant’s mother to testify about the officer’s prior statement. The trial court sustained the state’s objection that the witness had “already been called.”
Both sides rested, and the court found appellant guilty as charged.
The trial court’s erroneous eviden-tiary rulings frustrated appellant’s ability to offer proper impeachment testimony on a crucial issue in the case—whether the officer actually observed appellant “brawling or fighting.” Even though he was unable to ask the officer about the specific statement, appellant laid the proper foundation for admission of extrinsic evidence of the prior inconsistent statement when the officer testified he could not remember what he told appellant’s mother. See Rodriguez v. State, 65 So.3d 1133, 1135 (Fla. 4th DCA 2011) (“When a witness at trial does not remember the earlier ‘inconsistent’ statement, the witness does not ‘distinctly admit making’ the statement under section 90.614(2).” (citation omitted)). Once defense counsel had established entitlement to introduce the mother’s extrinsic evidence of the prior statement under section 90.614(2), the trial court abused its discretion in not allowing him to recall the mother. We cannot say beyond a reasonable doubt that such testimony did not *892 affect the verdict. See State v. DiGuilio, 491 So.2d 1129, 1185 (Fla.1986).
The conviction for disorderly conduct is reversed and the case is remanded to the circuit court for a new disposition hearing.
POLEN and LEVINE, JJ., concur.

. The disorderly conduct statute, section 877.03, Florida Statutes (2010), provides in pertinent part:
Whoever ... engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree ...

. This ruling was an abuse of discretion. "Ordinarily, leading questions should be permitted on cross-examination.” § 90.612(3), Fla. Stat. (2010). There was no reason why the defense attorney should not have been allowed to ask leading questions of the state’s only witness in a juvenile prosecution.