STEVENSON, J.
The defendant appeals his conviction and sentence for sexual battery on a person less than twelve years of age. Because the trial court erred in excluding a critical prior inconsistent statement of the victim, we reverse.
The salient testimony at trial can be briefly summarized. M.O., the victim in this case, is the defendant’s granddaughter and was ten years old at the time of trial. The victim testified at trial that one night when her mother (“Mother”) was away, she was sleeping in her parents’ room when defendant grabbed her and put her on the couch. Defendant touched her in her “private,” her “butt” and back, with his finger. M.O. further testified that defendant took her pajamas down to her knees, touched her with his penis, penetrated and touched her with his tongue.- On the night at issue, Mother returned from work and slowly walked into the living room where she saw M.O.’s shadow jump off the couch. M.O.’s clothes were halfway down and she began pulling them up. Mother told the victim to go upstairs and approached defendant, who was lying on the couch with a pillow or cushion over his private parts. *892 Defendant’s eyes were closed and Mother believed he was pretending to be asleep. Mother asked defendant what he was doing in the living room with M.O. and defendant stated “What are you talking about? I’m sleeping.” Mother took M.O. and M.O.’s younger brother back to work with her.
Defendant testified that M.O. was sleeping on his chest when Mother came home. M.O. jumped off his chest when she heard the door open. Defendant denied molesting M.O. Defendant explained that he admitted to touching M.O. during a controlled call by detectives because he was trying to “appease” Mother and he feared Mother and her husband. Defendant believed that Mother’s husband would try to kill him. Further, he was fearful that Mother would go public with the false allegations.
Prior to trial, and during an interview with investigating officers, the victim made the statement that “Grandpa didn’t do nothing.” The defendant’s defense was that M.O.’s mother instructed her to say that the defendant molested her when, in fact, he had not done so. During the cross-examination of M.O., the defendant sought to introduce the statement that “Grandpa didn’t do nothing” as a prior inconsistent statement. The defense proffered the following:
[Trial court]: Go ahead, proffer it.
[Defense counsel]: “My mom says you can’t go sleep there because grandpa is going to touch your butt”, and that was an interview_ “Were you ever left alone by yourself?” And her answer: “Mom takes me to the Palm Beach Post.” And then the — in the interview said, “Okay and we was in the building, we were just walking and we finished. Grandpa didn’t do nothing.”
The trial court excluded the statement as hearsay. We conclude that the trial court erred.
“Any party, including the party calling the witness, may attack the credibility of a witness by: (1) Introducing statements of the witness which are inconsistent with the witness’s present testimony.” § 90.608(1), Fla. Stat. (2008). “The inconsistent statement is not hearsay, because it is not offered to prove its truth, only to show the inconsistency for impeachment purposes.” Marshall v. State, 68 So.3d 374, 375 (Fla. 5th DCA 2011). The prior statement must directly contradict, or be materially different from, the testimony offered at trial. See Pearce v. State, 880 So.2d 561, 569 (Fla.2004). Given the limited proffer, it is not completely clear whether M.O. meant the statement “Grandpa didn’t do nothing” to refer to the specific occasion in question, or in reference to some other time. Nevertheless, in the context of a criminal investigation, M.O.’s statement that “Grandpa didn’t do nothing” was, on its face, inconsistent with the extensive details of the molestation to which she testified at trial, and the defendant should have been permitted to impeach M.O. with it. The State’s case against the defendant hinged primarily on the victim’s credibility and the prior statement was central to the defendant’s defense at trial. Thus, the erroneous exclusion of this statement was not harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (harmless error test places burden on State to prove beyond a reasonable doubt “that there is no reasonable possibility that the error contributed to the conviction”).

Reversed.

TAYLOR and CIKLIN, JJ., concur.