# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1244
Lower Tribunal No. F18-24827
_____


**David Michael Carnright,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Law Offices of Paul Morris, P.A., and Paul Morris, for appellant.

Ashley Moody, Attorney General and Ivy R. Ginsberg, Assistant Attorney General, for appellee.


Before EMAS, GORDO and BOKOR, JJ.

BOKOR, J.

David Carnright appeals his conviction for one count of sexual battery. He argues that the trial court erred by limiting the defense's ability to use certain of the victim's cell phone records as prior inconsistent statements for impeachment purposes. Because the exclusion of these records was either appropriate or harmless, we affirm.

The pertinent facts are undisputed. Carnright was charged with three counts of sexual battery for an incident that occurred on the night of March 1–2, 2018. Carnright allegedly met the victim in a bar, offered her cocaine, brought her back to his vehicle to have sex, and attempted to offer her money afterward. The primary dispute turned on consent, with the victim alleging that Carnright took advantage of her inebriation to force her to perform sexual acts against her will, and defense counsel arguing that the victim fabricated the claims to extort Carnright for drugs and money.

The State proffered evidence that Carnright made several PayPal payments to the victim shortly after the incident and that the victim promptly returned most of these payments except for $100 of an initial $300 payment. Carnright and the victim also exchanged several text messages on the night of the incident, including messages in which Carnright accuses the victim of taking his bag of cocaine and subsequently apologizes after the victim confronts him about her lack of consent. The State's case was also

2

supported by several witnesses to whom the victim described the incident, as well as photographs of a bump on the victim's forehead that she testified she received from being pushed against the floor in Carnright's vehicle. Carnright himself did not testify.

To impeach the victim's credibility, defense counsel sought to introduce evidence of the victim's internet search history from the days following the incident, which included searches about how to keep cocaine and Xanax from appearing in drug tests. The defense claimed that these searches would be inconsistent with the victim's testimony that she did not remember doing cocaine with Carnright. The defense also sought to introduce text messages between the victim and her friends in the days following the incident, including messages in which the victim says that she "did coke all night with this guy" (referring to Carnright), appears to boast about receiving money from him, and suggests that she would perform oral sex for money and had done so before. The defense claimed that these messages would show that the victim's claims were false and financially motivated.

The trial court allowed the defense to cross-examine the victim about these records, paraphrase their content, and use them to refresh her recollection, but did not allow the exact language to be shown to the jury or

3

read into evidence. The victim ultimately acknowledged making these searches and messages, but denied ever using Xanax, maintained that she did not remember using cocaine with Carnright (but did not deny using cocaine, either), and claimed that the messages suggesting she had traded sex for money were a "joke." The jury returned a guilty verdict on only one of the three counts, acquitting on the two predicated on unconsented oral sex. This appeal followed.

"The trial court's decision whether to allow impeachment of a witness's trial testimony by way of prior inconsistent statements is reviewed for an abuse of discretion." Garmon v. State, 313 So. 3d 1202, 1203 (Fla. 1st DCA 2021) (citing Mordica v. State, 305 So. 3d 745, 752 (Fla. 3d DCA 2020)). "Any error in excluding such evidence is subject to a harmless error analysis." Id. "To be inconsistent, a prior statement must either directly contradict or be materially different from the expected testimony at trial." Pearce v. State, 880 So. 2d 561, 569 (Fla. 2004). "The inconsistency must involve a material, significant fact rather than mere details." Id.

Initially, we note that to the extent the excluded records included statements in which the victim admits to using cocaine with Carnright, the court should have allowed these messages to be used as extrinsic evidence to impeach her testimony claiming she did not remember using cocaine on

4

the night of the incident.  See Elmer v. State, 114 So. 3d 198, 202 (Fla. 5th DCA 2012) ("When the witness does not 'distinctly admit' making the prior statement, including when he or she claims an inability to remember it, extrinsic evidence is admissible to prove that the statement was made."); Pugh v. State, 637 So. 2d 313, 314 (Fla. 3d DCA 1994) (reversing and remanding for new trial where court improperly excluded use of pretrial deposition to impeach witness who "did not distinctly admit" to making inconsistent statement).

However, we find that most of the records sought to be introduced were properly excluded and that any improper exclusions were harmless.  Under the harmless error test, the State, "as the beneficiary of the error, [must] prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction."  State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986) (citation omitted).  In applying the harmless error test, we examine "the entire record" including "a close examination of the permissible evidence on which the jury could have legitimately relied." Id.  As to the text messages, the fact that the trial court allowed such messages to be summarized for impeachment or refreshing the victim's recollection means that the jury sufficiently received the information the

defense intended to convey. The record reflects that the procedure permitted by the trial court allowed for the jury to receive pertinent information and to make any reasonable inferences as to the victim's credibility related not only to the substance of the comments, but also as to the victim's ability to recall the events of that evening.

In sum, despite the exclusions, upon review of the trial record, no reasonable possibility exists that any error contributed to the conviction. Thus, we find any impropriety in the exclusion of the verbatim text messages to be harmless. See id.; see also Mills v. State, 681 So. 2d 878, 880 (Fla. 3d DCA 1996) (finding that exclusion of collateral extrinsic impeachment evidence was not improper where none of the evidence, "assuming it were true, tended to independently prove that [the victim] consented to sexual intercourse with Mills on the day and time in question"; discussing how admission of such evidence is limited to where "the collateral extrinsic evidence sought to be introduced concerns matters testified to by the witness on direct examination"); Taylor v. State, 583 So. 2d 323, 328 (Fla. 1991) (finding that exclusion of evidence of victim's prior drug use was not improper where "[t]he fact that the victim may have used or purchased crack cocaine on occasions prior to her death does not tend to show that she consented to sex with Taylor on the night in question"), abrogated on other grounds by

6

Brown v. State, 755 So. 2d 616, 623 (Fla. 2000); Carlyle v. State, 945 So. 2d 540, 544 (Fla. 2d DCA 2006) (finding that exclusion of collateral evidence of victim's prior pattern of sexual behavior was not abuse of discretion where defendant argued consent but excluded evidence would not materially bear on whether victim consented to same type of acts charged).

Affirmed.